## MALISSA CARTER ET AL.
## v.
## JOSEPH PENN.

JURISDICTION—FREEHOLD.—This being a proceeding for partition, the question of a freehold is directly involved, and this court has no jurisdiction of the appeal.

APPEAL from the Circuit Court of St. Clair county; the Hon. W. H. SNYDER, Judge, presiding. Opinion filed April 7, 1881.

Mr. MARSHALL W. WEIR, for appellants.

Mr. C. W. THOMAS, for appellee

PER CURIAM. This was a petition for partition, in which the appellee averred that he owned in fee an undivided one-third, and that the appellants owned in fee the other two-thirds of certain real estate.

The defendants denied in their answer that the petitioner owned the third claimed by him, but averred that while he held the legal title the real ownership was in another, and that his only interest was that of a mortgagee for money advanced by him to the true owner, and setting up that this true owner was the widow of the ancestor of defendants. That the widow had at a previous term had her dower and homestead rights in the premises affirmed by a decree of court, and that

for the dower interest she had been allowed the yearly sum of $127, and for the homestead interest the gross sum of one thousand dollars, which latter sum defendants had paid to her, and which they claimed was an incumbrance on the land that should be apportioned. An order of partition and sale was made, the premises were sold, the money brought into court, and at a subsequent term there was a final order of distribution. The appellants, who were defendants below, bring the record here, and assign four errors; the first of which is, that the court erred in its finding and order; that the said Penn (petitioner) was entitled to the one undivided third of the premises. The examination of this assignment of error would require us to consider a question directly involving a freehold, and while the main controversy here is not so much with regard to the freehold as it is with regard to the apportionment of the money paid for the homestead release as well as rents, yet we cannot avoid the conclusion that we have no jurisdiction because a freehold is necessarily involved in any thorough consideration of the record upon the assignment of error as here presented. See Johnson v. Johnson, 7 Brad. 521.

We are therefore constrained to dismiss the appeal on our own motion. Wright v. People, 92 Ill. 596.

Leave will be given to withdraw the record.

Appeal dismissed.