## JOHN D. HART
### v.
## LUCY A. BURCH.

*Jurisdiction—Freehold—Dower—Practice.*

1. Dower, being an estate of freehold, a proceeding involving it is not within the jurisdiction of this court.

2. Where this court is without jurisdiction of the subject-matter of an appeal, it will dismiss the same on its own motion.

[Opinion filed February 21, 1889.]

APPEAL from the Circuit Court of Morgan County; the Hon. CYRUS E. EPLER, Judge, presiding.

Messrs. MORRISON & WHITLOCK, for appellant.

Mr. M. T. LAYMAN, for appellee.

*Per Curiam.*  This was a proceeding in chancery, to assign the dower of Elizabeth Hart as the widow of David Hart, deceased, and for partition of the other real estate of the deceased among the heirs.

Benton Hart, one of the heirs, died after his father, leaving a widow and children, and though the rights of his widow were stated in the bill, she was not made a party, and no notice of her dower interest was taken in the decree.   The dower of Elizabeth Hart was allotted and the other lands were ordered sold.   After the sale, Lucy, the widow of Benton Hart, by deed, sold her interest in all the lands to John D. Hart, who had purchased the lands at the sale.   Subsequently she filed her cross-bill, as it was termed, seeking to set aside this deed and asking that she might be allowed to claim her dower in the share of the lands inherited by her deceased husband.   John D. Hart answered, setting up the deed, and asserting its validity for the purpose of releasing the dower interest of said Lucy Hart, now Burch.

A decree was rendered declaring the deed null and void, and fixing the value of the dower at one-seventh of the net proceeds, the widow having filed a stipulation in writing to accept such sum out of the proceeds of the sale as the court might order.   From this decree an appeal is prosecuted by John D. Hart, and error is assigned upon the decree.

The controversy involves, primarily, the right of the appellee to dower in the lands of her deceased husband.   The question is, whether she still holds the right, or whether she released it by her deed to John D. Hart.   The fact that she elected to take its value in money does not affect that question, and the question remains as to her right of dower.

Dower is an estate of freehold, not of inheritance.   This court has no jurisdiction where a freehold is involved, and in such cases the appeal should be taken directly to the Supreme Court.   Having no jurisdiction of the subject-matter of the

controversy, we must dismiss the appeal on our own motion. Carter v. Penn, 8 Ill. App. 299; Wright v. The People, etc., .92 Ill. 596; Carter v. Penn, 99 Ill. 390.

The appellant will have leave to withdraw his record, abstracts and briefs. Appellee's brief may also be withdrawn.

*Appeal dismissed.*