67 252
66 582
67 26
67 252
68 399
67 252
72 170
73 110
67 252
77 275
67 252
80 30
67 252
86 355
67 252
90 426
67 252
p98 142
f98 ⁴143

## John F. Alles Plumbing Co. v. Joseph W. Alles.
## John F. Alles v. Same.
## Edward B. McKey v. Same.
## Warwick A. Shaw v. Same.
## Peter W. Anderson v. Henning Ohlssen and Anna Ohlssen.
## Shea, Smith & Company (a corporation) v. Felix Tramblay.

1. APPEALS—*Can be Taken Only in Compliance with Statute.*—Appeals are purely and only of statutory creation; and can be taken only in compliance with statutory conditions.

2. SAME—*How Taken.*—An appeal is accomplished only by filing the bond.

3. SAME—*Agreement of Parties Will Not Confer Jurisdiction of.*—A court of appeal can not acquire jurisdiction over the records of inferior courts by agreement of parties.

4. SAME—*From Interlocutory Orders—How Taken.*—In order to perfect the appeals from interlocutory orders allowed by statute, the bond must be filed within thirty days after the entry of the order appealed from, and must also be approved by the clerk. The statute does not contemplate that the court entering the order shall have anything to do with the appeal.

**Bills in Chancery.**—Interlocutory orders. Appeals from Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding in the first, second, third, fourth and sixth cases. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding in the fifth case. Heard in this court at the October term, 1896. Appeals dismissed. Opinion filed November 5, 1896.

STIRLEN & KING, attorneys for appellants in the first five cases.

SAMUEL S. PAGE and WILLIAM E. CHURCH, attorneys for appellants in the sixth case.

No appearance for appellees in the first five cases.

DALE & FRANCIS and POOLE & BROWN, attorneys for appellee, TAYLOR E. BROWN, of counsel, in the sixth case.

John F. Alles Plumbing Co. v. Alles.

Mr. Justice Gary delivered the opinion of the Court.

The first four of these cases are appeals from an interlocutory order entered by the Superior Court, February 10, 1896, appointing a receiver of the assets of the John F. Alles Plumbing Company.

The fifth case is an appeal from an interlocutory order entered by the Circuit Court, July 3, 1896, granting an injunction restraining Anderson from doing certain things.

In neither of these five cases have any of the appellees entered any appearance in this court.

The last of the six cases is an appeal from an interlocutory order entered by the Superior Court, August 7, 1896, granting an injunction restraining Shea, Smith & Company (a corporation) from doing certain things.

This case is argued here upon the merits by briefs on both sides.

In the last three of the first four cases, the appellants, at the time the order was entered, prayed and were allowed an appeal upon filing a bond in ten days, and within ten days bonds were filed, approved by a judge of the Superior Court.

In the first of these four, March 9, 1896, the appellant prayed and was allowed an appeal upon filing a bond in ten days, to be approved by the clerk of that court, and March 19, 1896, an order was entered extending the time for filing the bond two days. March 20, 1896, a bond, approved by that clerk, was filed.

In the fifth case, August 1, 1896, the appellant prayed and was allowed an appeal, upon filing a bond in twenty days, to be approved by the clerk of that court. August 13, 1896, a bond approved by that clerk was filed.

In the last case at the time the order was entered, the appellant prayed and was allowed an appeal upon filing a bond in forty days, to be approved by the court, and September 15, 1896, on stipulation of the parties, an order was entered extending the time for filing the bond nineteen days. September 29, 1896, a bond, approved by a judge of that court, was filed.

Whether these appeals are properly here is a jurisdictional question.

The constitution, Sec. 11, Art. 6, confers upon this court jurisdiction of "such appeals and writs of error as the general assembly may provide."

The general assembly, by an act of June 14, 1887, Starr & Curtis' St., page 3171, Ch. 110, Sec. 107, enacted that "an appeal may be taken from" interlocutory orders like those here involved, "*Provided*, that such appeal is taken within thirty days from the entry of such interlocutory order." A subsequent sentence requires that "the party taking such appeal shall give bond, to be approved by the clerk of the court below, to secure costs in the Appellate Court."

It is hardly necessary to cite authority that appeals in this State are purely and only of statutory creation (Greve v. Goodson, 142 Ill. 355, Farson v. Gorham, 117 Ill. 137), and can be taken only in compliance with statutory conditions. Tedrick v. Wells, 152 Ill. 214; Fairbank v. Streeter, 142 Ill. 226; Darwin v. Jones, 82 Ill. 107.

And this last case (as well as the first) shows that in the then opinion of the Supreme Court, the taking of an appeal was accomplished only by filing the bond. The case was an appeal from the County Court to the Circuit Court, and by law the appeal was to be taken in the same manner as an appeal from a justice.

An appeal from a court having no jurisdiction of the subject-matter, to a court having original jurisdiction of the subject-matter, and a trial there by consent, enables the latter court to render a valid judgment. Randolph County v. Ralls, 18 Ill. 29.

So also an invalid appeal from a court having jurisdiction of the subject-matter, to another court having also original jurisdiction, and a trial there, after having submitted to the jurisdiction, has the same effect. Mitchell v. Jones, 17 Ill. 235.

And the irregularity of taking a case by appeal to a court having jurisdiction to review on a writ of error, may be waived by submitting the case upon the merits. Brady v. People, 51 Ill. App. 112.

But nowhere is it held that the want of jurisdiction over the subject-matter can be waived. Consent can not give the Supreme Court jurisdiction of an appeal that should have been taken to an Appellate Court. Fleischman v. Walker, 91 Ill. 318; Wright v. People, 92 Ill. 596.

The appellants would not contend, in the face of the repeated decisions of the Supreme Court to the contrary, that appeals would lie from these interlocutory orders, but for the act of 1887. And the objection to such appeals would be jurisdictional. Cunningham v. Loomis, 17 Ill. 555, and cases there cited; Village of Jefferson v. Bohemian Nat. Cem. Ass'n, 5 Ill. App. 230.

This court can not " acquire jurisdiction over the records of inferior courts by agreement of parties." Moore v. Bolin, 5 Ill. App. 556.

Now that neither of these appeals was taken in compliance with the statute, is too plain for argument.

In each of them either the bond was filed more than thirty days after the order appealed from was entered, or it was not approved by the clerk. The statute does not contemplate that the court entering the order shall have anything to do with the appeal.

In many of the counties of this State—I believe, without a critical search, a large majority—the session of the court would be ended, and the judge gone elsewhere, before the thirty days in which the appeal might be taken would elapse.

The taking of an appeal under this act consists of a single act—filing a bond approved by the clerk; as the taking an appeal from the judgment of a justice is done by filing a bond with the justice, approved by him, or with the clerk of the court, approved by him.

No prayer for an appeal is to be addressed to anybody, and nobody can fix any conditions for the appeal.

If we consider these appeals on the merits, we must, to be consistent, consider all appeals from such orders supposed to be taken at any time, in any manner, and brought here by consent of parties, without any regard to the provisions of

the statute, and thus hold that the parties may confer upon this court jurisdiction forever to review and reverse orders of lower courts, in cases in which the constitution and laws of the State have not conferred such jurisdiction.

The appeals are all dismissed at the costs of the appellants, respectively.