## Joseph C. Hartzell v. Everett M. Warren.

1. APPEALS—*From Interlocutory Orders.*—The right of appeal from an interlocutory order is purely statutory, and in order to give the Appellate Court jurisdiction. the statute (Ch. 22, Sec. 52) must be followed. The party taking such an appeal must give bond, to be approved by the clerk of court below, etc.

2. SAME—*Duty of the Trial Court.*—The court below has nothing to do in the way of granting appeal from an interlocutory order, nor of fixing the time within which the bond shall be given, its amount or approval. The statute fixes the time and manner of taking the appeal, and the bond must be approved by the clerk of the court below. Unless the statute in these respects is followed, this court acquires no jurisdiction.

3. SAME—*Duty of the Court Where it Has No Jurisdiction.*—Where it appears that the court is without jurisdiction, it becomes its duty, *sua sponte*, to dismiss the appeal.

Appeal, from an interlocutory order of the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the March term, 1898. Dismissed. Opinion filed May 26, 1898.

MORTON CULVER, attorney for appellant.

MORAN, KRAUS & MAYER, solicitors for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellant has in this case tried to perfect an appeal to this court from an interlocutory order of injunction, entered by the Superior Court of Cook County on December 28, 1897, by praying an appeal from such order on the day it was entered, which was allowed by the Superior Court upon appellant filing an appeal bond in the sum of $250 within twenty days from the entry of the order, and by filing such bond, and having it approved by the court on the 3d day of January, 1898. Praying the appeal and having a time fixed by the court within which to file an appeal bond was unnecessary, and the approval of the bond by the court was a fruitless act. The right of appeal from such an interlocutory order is purely statutory, and in order to give this court jurisdiction of the case, the statute must be followed.

The statute of this State (Ch. 22, Sec. 52) provides that "the party taking ' such appeal shall give bond, to be approved by the clerk of the court below," etc. The court below has nothing to do by way of granting the appeal nor fixing the time within which the bond shall be given, its amount or approval. The statute fixes the time and manner of taking the appeal, and the bond must be approved by the clerk of the court below. Unless the statute in these respects is followed, this court acquires no jurisdiction, and can not, therefore, legally give any consideration to the questions argued by counsel. Alles Plumbing Co. v. Alles, 67 Ill. App. 252 and cases cited; Sidway v. Amer. Mort. Co., Id. 24; Commerce Vault Co. v. Hurd, 73 Ill. App. 107.

When it appears the court is without jurisdiction, it becomes its duty, *sua sponte*, to dismiss the appeal, which is done. Wright v. People, 92 Ill. 596; Hart v. Burch, 31 Ill. App. 22.

Appeal dismissed.