## Lawyers' Co-operative Publishing Co. v. The Chicago Law Book Co.

1. APPEALS—*From Interlocutory Orders.*—Under R. S., Chap. 22, Sec. 52, appeals are taken by filing an appeal bond to be approved by the clerk of the court below. Appeals in this State are allowed only by virtue of the statute, but for which no appeal lies from an interlocutory order.

2. INTERLOCUTORY ORDERS—*Appeals From.*—Under the statute (R. S., Chap. 22, Sec. 52) appeals may be taken from interlocutory orders or decrees granting an injunction or overruling a motion to dissolve the same, but such appeal must be taken within thirty days from the entry of such order or decree and be perfected in the Appellate Court within sixty days from the entry of such order or decree.

Interlocutory Order.—Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Appeal dismissed. Opinion filed July 31, 1900.

SMITH, BLATCHFORD & TAYLOR, attorneys for appellant.

OSSIAN CAMERON, attorney for appellee; CHESTER FIREBAUGH, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal from an interlocutory order granting an injunction.

A motion made in behalf of appellee to dismiss the appeal for the reason, among others, " that it nowhere appears in appellant's abstract of record on file herein, or in the tran-

script of record on file herein, that the appeal herein was taken within thirty days from the entry of the order grant- ing the injunction by the court below," was reserved for the hearing.

The statute provides that appeals may be taken from interlocutory orders or decrees granting an injunction or overruling a motion to dissolve the same, " provided that such appeal is taken within thirty days from the entry of such interlocutory order or decree, and is perfected in said Appellate Court within sixty days from the entry of such order or decree." R. S., Chap 22, Sec. 52.

An appeal is " taken " under this statute only by filing an appeal bond " to be approved by the clerk of the court below." Appeals in this State are allowed only by virtue of the statute, and but for the act referred to no appeal would lie from such interlocutory orders. John F. Alles Plumbing Co. v. Alles, 67 Ill. App. 252.

In the case before us, the order directing the writ of injunction to issue, bears no separate date, and presumably was entered February 16th, the day when the bill upon which it is indorsed was filed. It is signed by the judge and is as follows: " Let the writ of injunction issue pursu- ant to the recommendation of the master indorsed above." The recommendation of the master was that the writ issue upon " the complainant executing the usual injunction bond in the penal sum of three hundred dollars," to be approved by the clerk. So far as appears from the record, this was the only " entry of the order granting the injunction." Such entry having been made February 16th, it was neces- sary under the statute, that the appeal, if prosecuted at all, should be taken within thirty days thereafter, by filing an appeal bond approved by the clerk of the court below. Such bond was, however, not filed until March 21st following, more than thirty days from the entry of the order appealed from.

It is said in behalf of appellant, that by the terms of the order the injunction did not take effect until the injunction bond was executed and approved by the clerk; that until

this was done there was no injunction to appeal from. But the statutory requirement is, that the appeal shall be taken within thirty days from the entry of the interlocutory order or decree, not from the time the writ of injunction thereby granted is issued or served or takes effect. Beyond allowing an appeal within thirty days from the entry of the order the statute makes no provision, and we can not extend its scope beyond the plain meaning of the language it contains.

We are asked by appellee's counsel to apply the provision of the statute, authorizing this court in case such appeal is dismissed, to allow to the attorney of appellee a reasonable solicitor's fee, not exceeding $100. We do not, however, regard this case as properly requiring such allowance. Not having been taken within the time required by the statute, the appeal must be dismissed. Appeal dismissed.