Harding v. Harding Incandescent Co.

---

## C. Knox Harding v. Harding Incandescent Co. et al.

1. APPEALS—*From Interlocutory Orders—Practice.*—An appeal from an interlocutory order granting an injunction under the statute (R. S. Chap. 22, Sec. 52) is to be perfected by the giving of a bond by the party taking the appeal, which is to be approved by the clerk of the court in which the order appealed from is entered. An appeal bond in such a case approved by the court is not sufficient.

2. SAME—*Right of a Statutory Creation.*—The right of appeal is a matter of statutory creation and not a common law right; conformity to the provisions of the statute is essential and a lack of it is jurisdictional.

Appeal, from an interlocutory order granting an injunction. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1901. Dismissed. Opinion filed November 21, 1901.

WALRATH & WOOLFOLK, attorneys for appellant.

MASTERSON & HAFT, attorneys for appellees.

MR. JUSTICE SEARS delivered the opinion of the court.

This appeal is from an interlocutory order of injunction. The appellant prayed an appeal and the Circuit Court ordered that the appeal be allowed " upon his giving and filing a good and sufficient bond according to law in the sum of $200, together with a certificate of evidence herein, within sixty days from the entry of this order." An appeal bond was filed, which was approved by the court but was not approved by the clerk of the court. Appellees now interpose a motion to dismiss this appeal upon the ground that it has not been perfected in accordance with the provision of Sec. 52 of Chap. 22 of the Revised Statutes, which provides for appeals from interlocutory orders. We are of opinion that the motion must be granted. The statute provides that an appeal may be taken from an interlocutory order by the giving of a bond by the party taking the appeal, which bond is to be approved by the clerk of the court wherein the order appealed from is entered. In no other manner than by conforming to this statute could an appeal be prosecuted from this order. The statute requires no approval of the appeal bond by the court, but it does require an approval by the clerk of the court. Here the court approved the bond and the clerk of the court did not, and hence the appeal was not perfected.

The right of appeal is a matter of statutory creation, not a common law right. Hence conformity to the statute is essential and a lack of it is jurisdictional. Fairbank v. Streeter, 142 Ill. 226; Greve v. Goodson, Id., 355; Tedrick v. Wells, 152 Ill. 214; John F. Alles Plumbing Co. v. Alles, 67 Ill. App. 252; Hartzell v. Warren, 77 Ill. App. 274.

In the two cases last cited precisely the same question was presented as is here, and this court held that it was without jurisdiction and dismissed the appeals.

It is argued by the learned counsel for appellant that the very fact that the clerk of the Circuit Court has sent up

this record certified by him, containing a transcript of the appeal bond in question, signifies that the bond has been accepted by him, is on file in his office, and therefore has been in effect approved by him, although such approval is not formally indorsed upon the bond.    Decisions in other States are cited in support of this contention, which proceed upon like reasoning.    But we are of opinion that the filing of the bond, under the order of the court and the approval of it by the court, although unnecessary and ineffective, sufficiently accounts for the presence of the bond in the files, without any inference of an approval of the bond by the clerk of the court.    The approval by the court would rather tend to negative any such inference.    And whatever may be held in other jurisdictions, this court is committed to the practice followed in John F. Alles Plumbing Co. v. Alles, *supra*, and adhered to in Hartzell v. Warren, *supra*.

The appeal is therefore dismissed.