MAY M. GIBSON, Appellant, *vs.* CHARLES W. VAIL, . Appellee.

*Opinion filed February 25, 1911.*

1. PRACTICE—*statute is imperative that an appeal must be dismissed if transcript is not filed in time.* The statute is imperative that an appeal must be dismissed if the transcript of the record is not filed within the time prescribed by the statute and no extension of time has been granted.

2. SAME—*when party suffers no injury because clerk examined and rejected surety after the appeal bond was approved.* The fact that the clerk, under section 95 of the Practice act, required the surety on an appeal bond to appear for examination after the bond had been approved and filed, and, after an extended examination, declined to accept the surety and demanded a new bond, causes no injury to the appellant, regardless of whether the clerk's action was authorized or not, where she had lost her right to an appeal before she filed the bond.

APPEAL from the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding.

J. T. HANNA, for appellant.

McGOORTY & POLLOCK, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On the 29th of January, 1910, Louise Highland recovered a judgment in the superior court of Cook county for $3500 against appellant, May M. Gibson. Appellant prayed an appeal to the Appellate Court for the First District, which was allowed, and she was given sixty days in which to file a bond in the sum of $4000, to be approved by the clerk of the court. Within the sixty days she presented to the clerk, on March 28, 1910, an appeal bond in the sum of $4000, signed by James J. Graves as surety, who appeared before the clerk and justified as such surety and the bond was thereupon approved by the clerk and filed. More

than two months afterward the clerk, upon the complaint of the attorneys for the plaintiff, notified the attorneys of appellant, about June 8, 1910, that he required the surety to appear in his office for an examination as to his sufficiency as surety. The attorneys for both parties and the surety appeared, and the clerk, over the objection and protest of the attorneys for appellant, examined the surety as to his sufficiency and allowed attorneys for the plaintiff to examine him, and also heard testimony and examined witnesses in relation to the value of the property described and scheduled by the surety. The clerk requested the appellant to get an additional name upon the bond, and her attorneys presented to the clerk, at different times, additional names of persons proposed as sureties. The attorneys for plaintiff objected and the clerk demanded a different bond, and on August 19, 1910, notified the attorneys of the appellant that the bond would be canceled on August 22, 1910. Thereupon the appellant filed her bill in this case in the superior court against the appellee, clerk of said court, alleging that there was no valid law or statute authorizing such action by the clerk and praying for an injunction restraining him from canceling the bond. The facts as above stated were alleged in the bill and admitted by a general demurrer. The court sustained the demurrer and dismissed the bill at the cost of the appellant. An appeal was prayed to this court on the ground that the validity of section 95 of the Practice act was involved, and the appeal was allowed.

Section 95 of the Practice act provides that if a party who has had no opportunity to examine a surety on any bond, bail or other security given or offered in any action or proceeding at law or in equity, or in any criminal case, shall file objections to the sufficiency of any bond, bail or other security given or offered in any such action, proceeding or case, the court, clerk or other officer whose duty it is to pass upon such bond or security shall direct the surety to appear in open court, or before such clerk or officer, to

be examined concerning his property and sufficiency of such bail or surety, at a designated place or time, not more than five days after service of notice of such direction upon the surety or his attorney giving or offering to give such bond, bail or security. It is provided that if the surety shall not appear or shall be found insufficient, the bond, bail or security given or offered shall be canceled or rejected, but the party giving or offering the same may file a new and sufficient bond, and if the time limited for the filing thereof has expired, shall have five days additional time for that purpose, and the section is not to be construed to permit an examination by an inferior court or clerk after the record, on appeal, has been filed in the reviewing court.

The objection to the section on constitutional grounds presented by counsel is that it attempts to confer judicial power upon the clerk, who is a ministerial officer. Whatever the proper conclusion concerning the validity, scope or effect of section 95 in cases of appeals may be, we are of the opinion that the appellant suffered no injury in this case, for the reason that her appeal bond was filed and approved after the time for filing the transcript in the Appellate Court and there had been no application for an extension of the time before the expiration of the period fixed by the statute. The judgment was rendered January 29, 1910, and by the statute the February term of the superior court commenced on the first Monday in February. The January term came to an end and the next term of the Appellate Court for the First District began on the first Tuesday of March. More than twenty days intervened, and the appellant was bound to file her transcript in the Appellate Court on the second day of the March term. The statute is imperative that an appeal shall be dismissed where the transcript is not filed as required or the time extended.

The court did not err in sustaining the demurrer and dismissing the bill. The decree is affirmed.

*Decree affirmed.*