Anna M. Ser Vis, Appellee, v. William E. Ser Vis, et al., on appeal of Nicholas Speropulos, Appellant.

Gen. No. 16,090.

APPEALS AND ERRORS—*how appeal from interlocutory order must be perfected.* In order to appeal from an interlocutory order the amount of the bond must be fixed by the clerk and the same approved by him; even in the absence of a motion to dismiss, an appeal of this kind not perfected as required by statute will be dismissed.

Bill in chancery. Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Appeal dismissed. Opinion filed May 31, 1911. Certiorari denied by Supreme Court (making opinion final).

A. L. GETTYS, for appellant.

AMMEN, HUMPHREY & JOYNER, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court

On August 7, 1909, an order was entered in this cause by the Circuit Court, which reads as follows:

"IT IS THEREFORE ORDERED, ADJUDICATED AND DE-CREED by the court that the Chicago Title and Trust Company, an Illinois corporation duly authorized by the laws of this state to act as receiver in such cases, be and it is hereby appointed as receiver in this cause of the said stock of candies and furniture and fixtures of the said store at No. 108 South Clark street, in Chicago, Illinois, to take possession thereof and sell and dispose of the same under the directions of the court, with the usual powers of a re-ceiver in such cases, and upon the said receiver filing herein its acceptance of such appointment, pursuant to the statute in and for such cases made and provided, the said Nick Sper-opulos is hereby ordered and required to deliver the said property to the said receiver upon demand of the said re-ceiver, after filing of the said acceptance herein, and the said receiver and the said complainant herein are hereby au-thorized to apply to this court, from time to time, if need be, for further direction in the premises."

The record shows that upon the entry of said order, the appellant, Nicholas Speropulos, by his solicitor, objected and excepted "to the order of the court entered in this case on this day, appointing a receiver herein, and entirely for the purpose of appointing a receiver in said cause as against said Speropulos, and requests the court that certain findings be inserted in said order or decree, marked Speropulos Exhibit 1 of August 7, 1909, and the court refused and denied said request. Speropulos duly excepted. Speropulos then and there prayed an appeal from the said order entered on this day to the Appellate Court to the First District of Illinois, which appeal was allowed upon the said Speropulos filing a

bond in the sum of $1,500 in twenty days, to be approved by the court. Bill of exceptions to be filed on or before September 15, 1909."

On the same day a bond in the sum of $1,500 was filed and approved by the court.

Clearly this is an appeal from an interlocutory order. The objection of counsel for appellant was "to the order of the court entered in this case on this day, and entirely for the purpose of appointing a receiver in said cause as against said Speropulos," and the appeal prayed is "from the said order." The bond was approved by the court.

This court is without jurisdiction. A motion was made by the appellee that the appeal be dismissed, and this motion was reserved to the hearing. It would have been our duty to dismiss the appeal on an examination of the record, even if such motion had not been made.

The point has been decided so many times that it seems unnecessary to refer to the cases. In the case of Hartzell v. Warren, 77 Ill. App. 274, it was held:

"The right of appeal from such an interlocutory order is purely statutory, and in order to give this court jurisdiction of the case, the statute must be followed. The statute of this State (Ch. 22, Sec. 52) provides that 'the party taking such appeal shall give bond, to be approved by the clerk of the court below', etc. The court below has nothing to do by way of granting the appeal nor fixing the time within which the bond shall be given, its amount or approval. The statute fixes the time and manner of taking the appeal, and the bond must be approved by the clerk of the court below. Unless the statute in these respects is followed, this court acquires no jurisdiction, and cannot, therefore, legally give any consideration to the questions argued by counsel. Alles Plumbing Co. v. Alles, 67 Ill. App. 252, and cases cited; Sidway v. Amer. Mort. Co., id. 24; Commerce Vault Co. v. Hurd, 73 Ill. App. 107.

"When it appears the court is without jurisdiction, it becomes its duty, *sua sponte*, to dismiss the appeal, which is done. Wright v. People, 92 Ill. 596; Hart v. Burch, 31 Ill. App. 22."

We again hold that an appeal from an interlocutory order appointing a receiver is statutory; that the amount of the bond must be fixed by the clerk of the court below and the bond must be approved by him; that no prayer for an appeal is necessary and that an order of the court below allowing an appeal has no efficacy.

*Appeal dismissed.*