## Joseph J. McCarthy, Appellee, v. City of Chicago, Appellant.

## Gen. No. 21,672.

1. APPEAL AND ERROR, § 16*—*when right of appeal exists.* The right of appeal is a statutory creation and did not exist at common law.

2. APPEAL AND ERROR, § 626*—*when appeal from interlocutory order or decree must be taken.* The right to appeal from an interlocutory order or decree is based entirely on Hurd's Rev. St., sec. 123 (J. & A. ¶ 8661), providing that the appeal must be taken within thirty days from the entry of the decree or judgment, and be perfected in the Appellate Court within sixty days from such entry.

3. APPEAL AND ERROR, § 25*—*when Appellate Court exclusive jurisdiction of appeals.* The Appellate Court has exclusive jurisdiction of appeals under Hurd's Rev. St., sec. 123 (J. & A. ¶ 8661), from interlocutory orders and decrees.

4. APPEAL AND ERROR, § 669*—*when bond must be filed as basis for appeal.* The only manner in which an appeal can be taken from an interlocutory order or decree under Hurd's Rev. St., sec. 123 (J. & A. ¶ 8661), is by filing a proper bond approved by the clerk of the court where the proceeding is heard.

5. APPEAL AND ERROR, § 637*—*when no prayer for an appeal necessary.* In order to appeal from an interlocutory order or decree under Hurd's Rev. St., sec. 123 (J. & A. ¶ 8661), no prayer for an appeal is necessary.

6. APPEAL AND ERROR, § 642*—*when no conditions may be fixed for allowance of appeal.* On an appeal from an interlocutory order a decree under Hurd's Rev. St., sec. 123 (J. & A. ¶ 8661), no conditions can be fixed on which the appeal is to be allowed.

7. MUNICIPAL CORPORATIONS, § 1237*—*when may appeal without giving bond.* Section 98 of the Practice Act (J. & A. ¶ 8635), providing that municipal corporations may in all cases appeal or sue out a writ of error without giving bond, includes appeals from interlocutory orders or decrees.

8. MUNICIPAL CORPORATIONS, § 1237*—*when must comply strictly with statute granting right to appeal.* The fact that under section 98 of the Practice Act (J. & A. ¶ 8635), municipal corporations are exempted from giving a bond in order to appeal from an interlocutory order or decree under section 123 of the same Act (J. & A. ¶ 8661), does not exempt such municipal corporations from strict

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

conformity in other respects with the statute granting the right to appeal.

9. APPEAL AND ERROR, § 669*—*when bond must be filed in Appellate Court on appeal from interlocutory order.* The meaning of Hurd's Rev. St., sec. 123 (J. & A. ¶ 8661), providing that an appeal from an interlocutory order or decree must be taken within thirty days, is that the bond approved by the clerk of the lower court must be filed in the Appellate Court within thirty days from the entry of the order or decree appealed from.

10. APPEAL AND ERROR, § 646*—*how appeal from interlocutory order or decree perfected.* An appeal from an interlocutory order or decree under Hurd's Rev. St., sec. 123 (J. & A. ¶ 8661), requiring that the appeal be perfected in the Appellate Court within sixty days from the entry of the order or judgment appealed from, is perfected only by the filing in the Appellate Court within sixty days from the entry of the order or decree appealed from a transcript of the record from which the correctness of the order complained of can be determined.

11. APPEAL AND ERROR, § 270*—*when appeal from interlocutory order may be taken.* Section 100 of the Practice Act (J. & A. ¶ 8637), relating to appeals from final judgments, orders and decrees, has no application to appeals from interlocutory orders or decrees under section 123 of the same Act (J. & A. ¶ 8661).

12. APPEAL AND ERROR, § 270*—*what is purpose of statute allowing appeal from interlocutory order.* Section 123 of the Practice Act (J. & A. ¶ 8661), providing for appeals from interlocutory orders and decrees, was intended to secure a quick and summary review of such orders or decrees.

13. APPEAL AND ERROR, § 624*—*when motion to file supplementary record too late.* On an appeal from on interlocutory order or decree under section 123 of the Practice Act (J. & A. ¶ 8661), a motion made more than sixty days after the entry of the order or decree appealed from to file a supplementary record will be denied.

14. APPEAL AND ERROR, § 1120*—*when appeal dismissed for insufficiency of record.* An appeal to the Appellate Court will be dismissed if the record on file is not sufficiently complete to present the errors complained of for the determination of the court.

15. APPEAL AND ERROR, § 1120*—*when record insufficient for purpose of review.* On appeal from an interlocutory order or decree under section 123 of the Practice Act (J. & A. ¶ 8661), a record containing only a copy of the decree appealed from without assignment of errors presents no question for the determination of the Appellate Court, and a motion to dismiss such appeal must be allowed.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

16. COSTS, § 67*—*when statutory damages not allowed upon dismissal of appeal.* On an appeal from an interlocutory decree under section 123 of the Practice Act (J. & A. ¶ 8661), *held* that statutory damages, on dismissing the appeal because of insufficiency of the record, should not be allowed. ·

17. APPEAL AND ERROR, § 624*—*when motion suggesting diminution of record and asking leave to file supplemental record improper.* On appeal from an interlocutory decree under section 123 of the Practice Act (J. & A. ¶ 8661), where a short record is on file in the Appellate Court within the time fixed by the statute for perfecting the appeal, appellant has no right to make a motion suggesting the diminution of the record and asking leave to file a supplemental record.

18. APPEAL AND ERROR, § 1143*—*when motion for leave to file supplemental record must be made on appeal from final judgment.* In cases of appeals from final judgments, orders or decrees, the record must be filed in the Appellate Court not later than the second day of the term succeeding the rendition of the judgment, order or decree appealed from, and if a short record is then on file in the Appellate Court, a motion suggesting the diminution of the record and asking leave to file a supplemental record must be made on or before the second day of such term.

19. APPEAL AND ERROR, § 864*—*when reviewing court no jurisdiction to hear appeal.* Failure of appellant to comply with the statute in regard to the filing of the record on appeal divests the reviewing court of jurisdiction to hear the appeal, notwithstanding any acts or stipulations of the parties, or orders of court.

20. APPEAL AND ERROR, § 1143*—*when motion for leave to file supplemental record allowed in vacation.* A motion suggesting the filing in the Appellate Court of a short record on appeal and asking leave to file a supplemental record may be allowed in vacation.

21. APPEAL AND ERROR, § 1138*—*when dismissal of appeal does not affect merits of proceeding.* The dismissal of an appeal from an interlocutory order or decree does not affect the merits of the proceeding in which the order or decree appealed from was entered.

Interlocutory appeal from the Superior Court of Cook county; the Hon. WILLIAM FENIMORE COOPER, Judge, presiding. Heard in the Branch Appellate Court. Appeal dismissed. Opinion filed January 29, 1916.

**Statement by the Court.** This is an appeal from an interlocutory order of injunction entered June 5,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

1915, in the Superior Court of Cook county. The order in question enjoined the City of Chicago, hereinafter referred to as the appellant, from interfering with the exhibition of a moving picture known as "The Birth of a Nation."

Richard S. Folsom, for appellant; George L. Reker and Louis B. Anderson, of counsel.

Charles J. Trainor, for appellee.

Mr. Presiding Justice Pam delivered the opinion of the court:

On July 3, 1915, there was filed in the office of the clerk of the Appellate Court for the first district what is designated as a short record, consisting of a copy of the injunction order appealed from.

On September 14, 1915, there was filed in the office of the clerk of the Appellate Court, without any order issuing from this court, what purports to be a complete record of the proceedings leading up to and including the granting of the injunction, save the transcript of the interlocutory order of injunction which was contained in the short record filed July 3, 1915, as above stated.

On October 20th a motion was made in this court by appellant for "an order *nunc pro tunc* as of September 14, 1915, suggesting the diminution of the record, and granting leave to file the addition thereto, instanter as of September 14, 1915." In support of said motion there were filed two affidavits for the appellant, and a stipulation entered into by both parties. In said affidavits it was stated that the reason he did not present his motion earlier was that he relied on a stipulation under date of September 8th, by which stipulation appellee agreed that the complete record might be filed instanter, and as additional reasons: (1) The fact that the judge before whom the cause was heard,

was unable to attend court for several weeks; and (2) that the solicitors for appellee required considerable time in which to examine the certificate of evidence; and (3) that he endeavored to file an additional record by July 15th, but was informed that the Appellate Court was about to adjourn for the summer vacation, wherefore the cause could not be heard until the October term of said court.

In opposition to this motion, appellee filed counter suggestions on October 21, 1915, which counter suggestions also served as suggestions in support of a motion in behalf of appellee, to dismiss the appeal for the reason "that said appeal was not perfected within the time provided by statute, and the court, at the present time, has no jurisdiction to hear or determine the same."

In support of this contention, appellee urges that an appeal from an interlocutory order being purely a statutory right, the provisions of the statute under which said appeal was taken, must be strictly complied with, hence conformity to the statute is necessary, and the failure to do so deprives the court of jurisdiction.

Appellee further suggests that the reasons set forth in the affidavits submitted by appellant cannot change the duty of the appellant to perfect its appeal in conformity with the statute.

Appellant, in opposition to the appellee's motion to dismiss the appeal, filed counter suggestions in the form of an additional affidavit, wherein were set forth the same facts as in the affidavit supporting appellant's motion made on October 20th to suggest the diminution of the record and for leave to file the addition thereto instanter, as of September 14th.

In said affidavit it was also set forth that the certificate of evidence was not filed until the 19th day of July, and that appellant was unable to secure the record from the clerk of the Superior Court until July

21st, and that on that day he went to the Appellate Court and attempted to make a motion suggesting the diminution of the record and for leave for additional time to file a supplementary record, but was informed that the court was not in session and no judge present before whom such motion could be made; and the further fact that on September 28th, 1915, a stipulation was entered into whereby appellee was given additional time in which to file his briefs, and that he did file same on October 5th thereafter; that this latter fact was relied on by appellant to explain why counsel for appellant did not make that motion on the opening day of the October term of the Appellate Court instead of on the 20th day of October, 1915.

Upon this state of the record we must determine the motions of the respective parties.

The right of appeal is a statutory creation and did not exist under the common law. Until 1887 no appeal would lie from an interlocutory order, but only from a final judgment, order or decree. On June 14th of that year the General Assembly passed an act permitting an appeal from an interlocutory order of court concerning injunctions and receivers, the provisions of which were identical with those now in force. This provision, now known as section 123, chapter 110, page 1789, Hurd's Rev. St. of Illinois for 1911 (J. & A. ¶ 8661), is as follows:

"Whenever an interlocutory order or decree is entered in any suit pending in any court in this State granting an injunction, or overruling a motion to dissolve the same, or enlarging the scope of an injunction order, or appointing a receiver, or giving other or further powers or property to a receiver already appointed, an appeal may be taken from such interlocutory order or decree to the Appellate Court of the district wherein is situated the court granting such interlocutory order or decree: *Provided,* that such appeal is taken within thirty days from the entry of such interlocutory order or decree, and is perfected in said

Appellate Court within sixty days from the entry of such order or decree. The force and effect of such interlocutory order or decree and the proceedings in the court below shall not be stayed during the pendency of such appeal, and the party taking such appeal shall give bond, to be approved by the clerk of the court below, to secure costs in the Appellate Court. Upon filing of the record in the Appellate Court the same shall there be at once docketed, and shall be ready for hearing under the rules of said court, taking precedence of other causes in said court. Upon such appeal the Appellate Court may affirm, modify or reverse such interlocutory order or decree, and shall direct such proceedings to be had in the court below as the justice of the case may require. If such appeal is dismissed, the Appellate Court may allow to the attorney for appellee a reasonable solicitor's fee, not to exceed one hundred dollars, to be taxed as part of the costs of the appeal. No appeal shall lie or writ of error be prosecuted from the order entered by said Appellate Court on any such appeal.''

Under the numerous decisions of this court, appellant's right of appeal is based entirely upon this section, which clearly provides that in order to appeal from such interlocutory order or decree, the appeal must be taken within thirty days from the entry of such interlocutory order or decree *and perfected in the Appellate Court within sixty days from the entry of such order or decree.* It has been uniformly held that under this provision the appellant must file a bond in the court entering the order or decree, said bond to be approved by the clerk of said court. The decisions of the Appellate Court—which, under the statute, has exclusive jurisdiction of appeals from interlocutory orders and decrees—are to the effect that section 123 means that the only manner in which an appeal can be taken is by filing a bond approved by the clerk of the court below wherein the proceeding was heard. And they have expressly held that where the bond was approved by the court, instead of by the clerk of said

court, the filing of such a bond was not in conformity with the statute, and the Appellate Court was divested of jurisdiction.

One of the earliest cases taking this view was *John F. Alles Plumbing Co. v. Alles,* 67 Ill. App. 252. In that case a motion was made similar to that in the case at bar, and the court said (p. 255):

"The taking of an appeal under this act consists of a single act—filing a bond approved by the clerk; as the taking an appeal from the judgment of a justice is done by filing a bond with the justice, approved by him, or with the clerk of the court, approved by him.

"No prayer for an appeal is to be addressed to anybody, and nobody can fix any conditions for the appeal."

In the case of *Harding v. Harding Incandescent Co.,* 98 Ill. App. 141, the appellant prayed an appeal and the Circuit Court ordered that the appeal be allowed "upon his giving and filing a good and sufficient bond according to law in the sum of $200, together with a certificate of evidence herein, within sixty days from the entry of this order." The bond was filed and approved by the court, but not by the clerk of the court. Appellee moved to dismiss the appeal on the ground that the appeal was not perfected in accordance with the provisions of the statute providing for appeals from interlocutory orders, and the court said (p. 142):

"The statute provides that an appeal may be taken from an interlocutory order by the giving of a bond by the party taking the appeal, which bond is to be approved by the clerk of the court wherein the order appealed from is entered. In no other manner than by conforming to this statute could an appeal be prosecuted from this order. The statute requires no approval of the appeal bond by the court, but it does require an approval by the clerk of the court. Here the court approved the bond and the clerk of the court did not, and hence the appeal was not perfected.

"The right of appeal is a matter of statutory creation, not a common law right. Hence conformity to

the statute is essential and a lack of it is jurisdictional. (citing *Fairbank v. Streeter*, 142 Ill. 226; *Greve v. Goodson*, Id., 355; *Tedrick v. Wells*, 152 Ill. 214; *John F. Alles Plumbing Co. v. Alles*, 67 Ill. App. 252; *Hartzell v. Warren*, 77 Ill. App. 274.

"In the two cases last cited precisely the same question was presented as is here, and this court held that it was without jurisdiction and dismissed the appeals."

In the case at bar, however, no question arises as to the filing of an appeal bond, because under section 98 of our Practice Act (J. & A. ¶ 8635) it is provided that municipal corporations may, in all cases, take an appeal or sue out a writ of error without giving bond; and in *City of Chicago v. O'Hare*, 124 Ill. App. 290, it was held that this provision includes appeals from interlocutory orders or decrees.

However, the mere fact that municipalities are exempt from filing a bond does not alter or detract from the rule of law laid down in the foregoing decisions that the benefit of an appeal can be had only by strict conformity to the provisions of the statute by which the right is created.

The statute also provides that, in addition to the appeal being taken within thirty days, it must be perfected in the Appellate Court within sixty days from the entry of the interlocutory order or decree appealed from. This brings us to the question as to what is meant by the language "and is perfected in said Appellate Court within sixty days from the entry of such order or decree."

Appellant contends that the language just quoted has reference only to the filing of the bond, that if said bond is filed within sixty days, it perfects the appeal.

Appellant argues further, that once being perfected (by the filing of a bond) then, under the provisions of section 100 (J & A. ¶ 8637), it had until the second day of the succeeding term of the Appellate Court in

which to file its record; and on oral argument counsel cited cases wherein appeals were prayed from final judgments or decrees and wherein it was held that the appeal was perfected when the bond was filed:

That such is not the meaning of section 123 is evident from the decisions which we have heretofore cited, wherein it was expressly held that when the statute provided that an appeal shall be taken within thirty days, it was meant that the bond, approved by the clerk of the lower court, must be filed within thirty days; hence, we must look for a different interpretation of such language and the only reasonable interpretation is, that there must be on file in the Appellate Court, within sixty days from the entry of the order or decree appealed from, a transcript of the record of the proceeding, from which this court can determine the correctness of the ruling of the court in issuing the interlocutory order complained of.

In appeals from final orders, judgments or decrees, the statute provides that an appeal may be prayed and allowed during the term of the court in which said order, judgment or decree was entered, and the party praying such appeal shall, within such time (not less than twenty days after the entering of said order, judgment or decree) as shall be limited by the court, give and file in the office of the clerk of the court in which the appeal is prayed, a bond in a reasonable amount, to be fixed by the court, and to be approved by the court or by the clerk of the court, under the express order of the court, to secure the adverse party with sufficient security.

Section 100 of our Practice Act (J. & A. ¶ 8637) provides as follows:

"Authenticated copies of records of judgments, orders and decrees appealed from any court to the Appellate Court shall be filed in the office of the clerk of the Appellate Court on or before the second day of the succeeding term of said court: *Provided,*

twenty (20) days shall have intervened between the last day of the term at which the judgment, order or decree appealed from shall have been entered and the sitting of the court to which the appeal shall be taken; but if ten (10) days and not twenty (20) shall have intervened as aforesaid, then the record shall be filed as aforesaid, on or before the tenth (10th) day of said succeeding term, otherwise the said appeal shall be dismissed. Further time to file such copies of record may be granted by said court in term time or by any justice thereof in vacation upon good cause shown, provided application therefor shall be made before the expiration of the time herein fixed for filing such copies of the record.''

It will at once be seen that the taking of appeals from final judgments or decrees is quite different from appeals from interlocutory orders or decrees, for in the former a prayer is necessary and it must be allowed by the court and the bond approved by the court or by the clerk, under express order of the court; which is entirely at variance with the provisions for a bond under section 123.

Section 100 provides that the record shall be filed in the Appellate Court by the second day of the succeeding term, providing a certain number of days has elapsed since the entry of the order appealed from. It further provides, however, that if by the second day of the succeeding term in the Appellate Court there is on file a sufficient record to show what the order was that was appealed from, and that the bond was properly filed as required; in which event application may be made before the second day of the succeeding term for an extension to file such supplemental record as will enable the reviewing court to pass upon the correctness of the order appealed from.

However, there is no provision for any such contingency in section 123. It expressly states in so many words, that the appeal must be taken within thirty days and perfected in the Appellate Court within

sixty days. This entire section was intended to secure a quick and summary review of interlocutory orders or decrees.

Section 123 (J. & A. ¶ 8661) further provides:

"Upon filing of the record in the Appellate Court the same shall there be at once docketed, and shall be ready for hearing under the rules of said court, taking precedence of other causes in said court."

This language clearly confirms us in the view that the perfecting of the appeal means the filing of the record in the Appellate Court.

The question, therefore, that presents itself to this court is, whether under the record in this case the appellant has perfected its appeal within sixty days, as provided for under our statute.

The record in this case, which was filed on July 3rd, consisted of only a copy of the decree appealed from. It did not contain a copy of the appeal bond, nor was that necessary, as we have already held that a municipality is not required to furnish a bond in taking an appeal.

On September 14th a supplemental record was filed, without the order of the court, and on October 20th a motion was made for leave to file said supplementary record *nunc pro tunc,* as of September 14th. Whether such record was filed on October 20th or on September 14th, it was long after the sixty days had expired in which appellant should have perfected its appeal.

As heretofore stated, it has been uniformly held that the appeal being purely a statutory creation, the law must be complied with, and a failure to comply therewith deprives this court of jurisdiction. The motion of appellant to file said supplementary record will therefore be denied.

In this view of the case, unless the record on file is sufficiently complete to present for the determination of this court any errors by the chancellor in entering the order complained of, the appeal must be

dismissed. *Thomas v. John O'Brien Lumber Co.,* 185 Ill. 374.

This record presents merely a copy of the decree. As there are no assignments of error, it presents no question for our determination. The motion of the appellee must therefore be granted and the appeal dismissed.

We see no reason, however, for allowing the statutory damages in this case.

Appellee, in its motion to dismiss the appeal, has proceeded upon the theory that because only a short record was on file which did not present any question for the determination of this court, and because no motion was made within sixty days suggesting a diminution of the record and asking leave to file a supplemental record, there is nothing before this court to determine, because said record does not fully and fairly present to this court the question of the chancellor's right to enter the order complained of.

In making this contention, appellee proceeded upon the theory that as in appeals from final judgments, a short record being on file, a party, by motion made within the time in which a complete record should be on file, may move to suggest the diminution of the record and ask additional time in which to file a supplemental record; that applying the same rule to section 123, *supra,* the appellant might have, within sixty days, made such motion in the case at bar.

In appeals from final judgments, orders or decrees, our Supreme Court has held the law to be as contended for by counsel for appellee, as will be seen from *Thomas v. John O'Brien Lumber Co., supra,* wherein the court said (p. 377):

"The appellant should have filed in proper time a transcript of so much of the record as was then obtainable, had the cause placed upon the docket, and then entered a motion for further time in which to bring in the remaining portion of the record. Not

having filed a complete transcript within the time prescribed by the statute, or a transcript of so much of the record as could be obtained, and asked for further time to complete the same, within the requirement of the rule, the appellee was entitled to have the appeal dismissed."

Even in that view of the case, applying the rule laid down by our Supreme Court with reference to appeals from final orders, judgments or decrees, appellant has failed to perfect its appeal, because at no time within sixty days was a motion made suggesting the diminution of the record or asking leave to file a supplemental record.

Appellant has set forth as reasons why it should be permitted to file a complete record at this time, as requested in its motion of October 20th, and in opposition to the motion to dismiss the appeal, the fact that the judge who entered the order was ill, which accounted for part of the delay in preparing and filing the record; that counsel for appellee required much time in examining the record; and that further fact that the Appellate Court had adjourned at the time appellant finally secured the record from the clerk of the Superior Court on July 21st, and it was informed that there was no judge present before whom a motion could be made suggesting the diminution of the record and asking leave to file a supplemental one; and further, that stipulations were entered into, first, that appellant might file a supplemental record instanter on September 8th, and second, granting appellee additional time in which to file his briefs in the Appellate Court.

In cases of appeals from final judgments, orders or decrees, the record must be on file in the Appellate Court not later than the second day of that term of the Appellate Court succeeding the rendition of such judgment, order or decree; or if a short record be on file in the Appellate Court, a motion suggesting the

diminution of the record, and asking leave to file a supplemental record, must be made on or before the second day of the said succeeding term of the Appellate Court. And it has been uniformly held that the failure to comply with the statute in this respect divests the reviewing court of jurisdiction to hear the appeal, any acts or stipulations by the parties, or orders of court, to the contrary, notwithstanding. *Gibson v. Vail*, 248 Ill. 432; *Fonda v. Jackson*, 203 Ill. 113; *Thomas v. John O'Brien Lumber Co., supra; Cook v. Cook*, 104 Ill. 98.

As already stated, such is also the ruling of the Appellate Court in construing the section providing for appeals from interlocutory orders, where a bond is not filed within thirty days.

The suggestion, however, that the Appellate Court was adjourned on July 21st and that no judge was present, is one born, we feel, of the exigencies of the situation in which appellant found itself. The order complained of was entered on June 5th. Under the statute, sixty days was given it in which to perfect an appeal. The formality of having to furnish a bond was dispensed with, so that appellant had the entire sixty days at its disposal in which to secure a proper record to file in the Appellate Court.

The only record filed within the sixty-day period was that of July 3rd, which we have already held was not sufficient to present any issues for the determination of this court.

Appellant, in its affidavit, stated that on July 15th and again on July 21st, counsel endeavored to present a motion in the Appellate Court suggesting the diminution of the record and asking leave for additional time in which to file a complete supplemental record, but were prevented from doing so because no judge was present.

The incorporation of the dates in this affidavit indicates that counsel for appellant recognized that the

record filed on July 3rd was inadequate, incomplete and insufficient; and further that they were of the opinion that a complete record had to be on file in the Appellate Court within sixty days, or motion made within that time suggesting the diminution of the record and asking leave for additional time to file a supplemental one.

This court did not adjourn until July 17th. Therefore there was no reason why, on July 15th, such motion could not have been presented. Although counsel state that they endeavored to make a motion on that day, the record shows that no such motion was ever made. Moreover, a motion of this kind could have been granted by any judge of the Appellate Court in vacation time, and it is a fact, that several judges of this court were at work in the chambers of this court during the entire period of sixty days after the entry of the order complained of. Therefore, if counsel were entitled to make this motion—which we have already held they were not—the failure to do so was not because the Appellate Court had adjourned or because of any inability to find a judge of this court.

The dismissal of this appeal, however, does not in any way affect the merits of the controversy, and the parties are at liberty to proceed to a hearing on the bill after answers are filed, and have determined any and all issues that may be joined.

*Appeal dismissed.*