(No. 12884.—Judgment affirmed.)

BERNARD HORWICH, Receiver, Defendant in Error, *vs.*
DAVID DAVIS, Plaintiff in Error.

*Opinion filed February 18, 1920.*

1. APPEALS AND ERRORS—*when Appellate Court is without juris-
diction to grant leave to amend record.* The Appellate Court is
without jurisdiction to review a judgment of the trial court or to
grant leave to amend the record by attaching the seal of the trial
court, where there has been a failure to file a transcript of the
record, duly authenticated by the seal of the trial court, within the
time required by law.

2. SAME—*when Supreme Court must affirm judgment of the
Appellate Court dismissing appeal.* The statute authorizes the Ap-
pellate Court, in case of a failure to file an authenticated copy of
the record of the trial court within the time required by law, to
either affirm the judgment of the trial court or dismiss the appeal;
and a judgment of the Appellate Court dismissing an appeal for
such failure must be affirmed by the Supreme Court without con-
sidering the question whether the Appellate Court should, instead,
have affirmed the judgment.

WRIT OF ERROR to the Appellate Court for the Third
District;—heard in that court on appeal from the City Court
of Litchfield; the Hon. HARRY C. STUTTLE, Judge, pre-
siding.

LANE, DRYER & BROWN, and GEORGE P. O'BRIEN, for
plaintiff in error.

CHARLES LEROY BROWN, and PAUL MCWILLIAMS, for
defendant in error.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the
court:

Bernard Horwich, as receiver of the Ashland-Twelfth
State Bank, recovered a judgment against David Davis in
the city court of Litchfield for $12,925. Defendant prayed
an appeal to the Appellate Court for the Third District, and
within the time fixed by the order allowing the appeal filed

an appeal bond. The first term of the Appellate Court after the judgment began more than twenty days after the expiration of the term of the city court at which the judgment was rendered, and on the second day of that term of the Appellate Court a transcript of the judgment of the city court was filed in the clerk's office of the Appellate Court. Abstracts and briefs were filed; but it was afterward discovered that the transcript of the record was not duly authenticated as required by the statute, lacking the seal of the city court. The appellant suggested a diminution of the record and moved for an extension of time to permit him to correct this defect in the transcript as well as to procure in the city court an amendment of the bill of exceptions. The appellee caused to be filed a short record of the judgment of the city court and moved the Appellate Court to affirm the judgment or dismiss the appeal with damages. The court dismissed the appeal and rendered judgment against the appellant for $651.25 damages, being five per cent of the original judgment. Upon the petition of the appellant a writ of *certiorari* was awarded to bring the record before us for review.

The defendant in error has assigned cross-errors, insisting that the Appellate Court should have affirmed the judgment of the city court of Litchfield instead of dismissing the appeal. In accordance with the uniform practice which has prevailed in this State, because of the failure to file a transcript of the record of the trial court, duly authenticated by the seal of the court, within the time required by law, the court was without jurisdiction to review the judgment of the trial court and was without power to grant leave to amend the record by attaching the seal. (*Cowhick* v. *Gunn,* 2 Scam. 417; *Morse* v. *Williams,* 4 id. 286; *Gibson* v. *Vail,* 248 Ill. 432; *Fonda* v. *Jackson,* 203 id. 113.) The statute authorizes the court, in case of failure to file an authenticated copy of the record within the time required by law, to either affirm the judgment or dismiss the appeal

for want of prosecution. The counsel on either side have argued the errors assigned in the Appellate Court as well as the question whether, on the facts shown by the record, the trial court could amend the bill of exceptions, and the counsel for the defendant in error insist that it is so manifest that there could be no amendment of the bill of exceptions and that no error exists in the record which would require the reversal of the judgment that the Appellate Court should have affirmed the judgment. We shall not investigate these questions. It is our duty to review the records of trial courts and the Appellate Courts to determine whether they have committed error in judgments rendered by them and not to decide controversies in the first instance. It was not error for the Appellate Court to dismiss the appeal, and the statute required the assessment of damages.

The judgment will be affirmed.    *Judgment affirmed.*