## Mildred Storm, Appellee, v. Louis J. Ahlering, Appellant.

### Gen. No. 8,186.

Opinion filed February 8, 1928.

GILLESPIE & GILLESPIE, for appellant; REARICK & MEEKS, of counsel.

ACTON, ACTON & SNYDER, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

In this case an appeal is prosecuted by the appellant Louis J. Ahlering from a judgment rendered

against the defendant for $500 in the circuit court of Vermilion county at the January term, 1927, in favor of the appellee Mildred Storm. The appellee moves to affirm the judgment because the transcript of the record in the case was not filed within the time required by section 100 of chapter 110 of the Practice Act, Cahill's St. ch. 110, ¶ 100, in force at that time.

The record shows that the term of court at which the judgment was rendered adjourned in due course on the 26th day of March, 1927. The April term of this court to which the appeal was taken convened on April 5, 1927. The section of the statute referred to provides:

"Authenticated copies of records of judgments, orders and decrees appealed from any court to the appellate courts shall be filed in the office of the clerk of the appellate court on or before the second day of the succeeding term of said court: *Provided,* twenty (20) days shall have intervened between the last day of the term at which the judgment, order or decree appealed from shall have been entered and the sitting of the court to which the appeal shall be taken, but if ten (10) days and not twenty (20) shall have intervened as aforesaid, then the record shall be filed as aforesaid, on or before the tenth (10th) day of said succeeding term, otherwise the said appeal shall be dismissed."

Counsel for the appellant contend, that the word "intervene" in determining the time within which the transcript should be filed should be construed to mean that both the last day of the term of the circuit court at which the judgment was rendered and the first day of the term of the Appellate Court should be excluded. This construction would leave only nine days in between the two days mentioned. It has been repeatedly held, however, that the proper rule for the computation of time where based on days intervening

is to exclude the first day which in this instance would be the last day of the term of the circuit court, and include the last day which in this instance would be the first day of the term of this court. *Vairin v. Edmonson*, 5 Gilm. (Ill.) 270; *People v. Hatch*, 33 Ill. 9; *Harper v. Ely*, 56 Ill. 179; *Forsyth v. Warren*, 62 Ill. 68; *Roan v. Rohrer*, 72 Ill. 582. According to this rule, 10 days intervened between the last day of the term of the circuit court and the first day of the sitting of this court. The transcript should have been filed on or before the tenth day of the last term of this court. It was not filed however until September 14, 1927. It is apparent therefore that the appellant did not file the transcript of record in this case within the time required by the statute. In *Gibson v. Vail*, 248 Ill. 432, it was distinctly held: "The statute is imperative that the appeal shall be dismissed where the transcript is not filed as required."

We conclude, therefore, that while the motion to affirm the judgment should be denied, the appeal should be dismissed; and it is therefore ordered that the appeal be dismissed.

*Appeal dismissed.*