Millikin Trust Company as Conservator of Estate of John R. Fitzgerald, an Incompetent, Plaintiff-Appellee, v. Lela Hall Morris et al., Defendants. Lela Hall Morris, Margaret L. Fitzgerald, Thaddeus C. Toudor and E. C. Frank Meier, Appellants.

Gen. No. 9,810

Opinion filed November 14, 1951. Released for publication January 3, 1952.

E. C. FRANK MEIER, and THADDEUS C. TOUDOR, both of Chicago, for appellants; PHILIP ROMITI, of Chicago, of counsel.

ARTHUR F. DELAHUNTY, and RALPH J. MONROE, both of Decatur, for appellee.

MR. JUSTICE REYNOLDS delivered the opinion of the court.

This is an appeal from an interlocutory order granting a temporary injunction.

A motion was filed in this court by the appellee to dismiss this appeal for want of jurisdiction for failure to file cost bond. This motion was taken with the case by order entered July 30, 1951.

It is admitted by the appellants that no cost bond has been filed in the circuit court of Macon county where the interlocutory order was entered.

Section 78 of the Civil Practice Act (chapter 110, paragraph 202, Illinois Revised Statutes 1949) [Jones Ill. Stats. Ann. 104.078] provides in part as follows: "Whenever an interlocutory order or decree is entered granting an injunction or overruling a motion to dissolve the same . . . an appeal may be taken therefrom to the Appellate Court: Provided, that such appeal is taken and the record is filed in said Appellate Court within thirty days from the entry of such interlocutory order or decree . . . . The party taking such appeal shall give bond, to be approved by the clerk or the judge of the court below, to secure costs in the Appellate Court."

■ Section 78 of the Civil Practice Act (chapter 110, paragraph 202, Illinois Revised Statutes 1949) governs appeals from interlocutory orders such as this. Under that section it is not necessary to apply to the circuit court for an appeal bond. The bond, in proper form, approved by the clerk, perfects the appeal from the circuit court if filed within thirty days after entry of the order appealed from. *Dobrinsky v. Boylan,* 222 Ill. App. 494; Nichols Illinois Civil Practice, volume 6, section 5984.

■■ An appeal is "taken" under this statute only by filing an appeal bond "to be approved by the clerk of the court below." The statute has since been

amended to permit either the judge or the clerk to approve the bond. Appeals in this State are allowed only by the statute, and but for the Act referred to no appeal would lie from such interlocutory orders. *Lawyer's Co-operative Publishing Co. v. Chicago Law Book Co.*, 90 Ill. App. 425.

The record on appeal contains no bond. The appellee's motion contains an affidavit of the deputy circuit clerk that no bond was filed and the appellants have filed an alternative countermotion "that this court determine the amount of the bond to be filed and the time within which to file the same."

The provisions of section 78 have not been complied with and under the authorities cited, this court has not obtained jurisdiction and the appeal must be dismissed.

*Appeal dismissed.*