CHICAGO, PEKIN AND SOUTHWESTERN RAILROAD COMPANY

*v.*

THE PRESIDENT AND TRUSTEES OF THE TOWN OF MARSEILLES.

*At Ottawa, September Term, 1882.*

WAIVER OF AN APPEAL BOND—*its effect as to perfecting the appeal.* Where a party praying an appeal to this court is given time for filing an appeal bond, the filing of a waiver of such bond by the appellee before the expiration of the time allowed, and before the filing of the bond, will have no effect whatever in the way of perfecting the appeal for any purpose, either to make it the duty of the person praying the appeal to take steps to bring the cause to a hearing, or to suspend the judgment in the court below. The parties remain in precisely the same attitude in that regard they were before the filing of the waiver.

In this case an appeal was prayed from the Appellate Court for the Second District. The order granting the appeal, made in vacation, was dated August 23, 1882, and was filed in the clerk's office August 25. The order allowed an appeal on

condition an appeal bond should be filed within thirty days. The cause was heard in the Appellate Court at the May term, 1882, and a judgment of affirmance entered in vacation on the 8th day of August, following. No appeal bond having been filed by the 29th day of August, the appellee filed in the office of the clerk of the Appellate Court a waiver of any appeal bond. On the third day of the present term of this court, the party praying the appeal not having filed a transcript of the record in this court, or taken any steps to bring the case before the court for consideration at the present term, the appellee now moves the court to affirm the judgment of the Appellate Court, under the rule, or, on failure of that motion, that this appeal be dismissed.

Mr. CHARLES BLANCHARD, for the motion, contended that the waiver of the appeal bond by the appellee perfected the appeal as fully as if the appeal bond had been filed at that time, and that thereby the appellant was placed in such position that it was his duty to take all the steps in the case necessary to a hearing at the present term. Not having performed that duty, this motion should prevail.

Mr. HIRAM T. GILBERT, *contra.*

CRAIG, J.: The waiver by the appellee of the appeal bond did not operate to perfect the appeal for any purpose, either to make it incumbent upon the party praying the appeal to prepare the cause for a hearing at the present term, or to suspend the judgment in the court below. The parties are in precisely the same attitude they were before that waiver was filed. There is no appeal here for us to act upon,— nothing to dismiss. The case will be stricken from the docket.

*Motion denied.*