ASAHEL GAGE

*v.*

JOHN ARNDT.

*Filed at Ottawa June 13, 1885.*

APPEAL—*transcript of record filed in wrong court.* Where an appeal was allowed to the Appellate Court upon condition of filing a bond within a given time, which was done, and the transcript of the record was filed in this court, and there was no joinder in error or appearance by the other party, so that the cause could be treated as a writ of error, there being no appeal for this court to act on, the case was stricken from the docket.

APPEAL from the Superior Court of Cook county; the Hon. GEORGE GARDNER, Judge, presiding.

Mr. AUGUSTUS N. GAGE, for the appellant.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The original bill in this case was filed by John Arndt, against Asahel Gage, in the Superior Court. It is alleged in an amended bill filed by leave of court, that defendant had two tax deeds on the property described in the original bill as belonging to complainant, each of which deeds it is prayed may be set aside, because of irregularities mentioned in the

bill, as a cloud upon the title of the property. Defendant answered the bill, and denied all irregularities charged, and affirmed the validity of his tax deeds. On the trial the court found a certain amount was due to defendant for costs and taxes by him expended on the property, and decreed that on the payment of the sum so found due from complainant to defendant, the tax deeds be set aside and held for naught. Defendant excepted to the decision, and prayed to be allowed an appeal to the "Appellate Court within and for the First District of this State," which was granted to him on condition he would file an appeal bond, with surety to be approved by the court, in the penal sum of $250, together with his certificate of evidence, in thirty-five days from the date of the decree. On the 7th day of January, 1885, which was within the time limited by the order of the court, defendant filed an appeal bond, with sureties, in which it is recited he had prayed an appeal to the Supreme Court, and has since filed the transcript of the record in this court.

As the Superior Court never granted defendant an appeal to the Supreme Court, it is obvious the transcript of the record has been inadvertently filed in this court as upon an appeal. Nor has there been any joinder in error, or any appearance by complainant, so that it can not be said the cause is pending in this court on error. There is no appeal here for this court to act upon. The case will be stricken from the docket. *Chicago, Pekin and Southwestern Railroad Co.* v. *Town of Marseilles,* 104 Ill. 91.

*Stricken from docket.*