MISSISSIPPI VALLEY MANUFACTURERS' MUTUAL
INSURANCE COMPANY
v.
M. BERMOND.

*Practice—Failure to Name Court to Which Appeal is Taken.*

Where neither the prayer for an appeal nor the order of the Circuit
Court granting the same, names the court to which the appeal is to be taken,
but the transcript is filed in this court, the case must be stricken from the
docket.

[Opinion filed June 23, 1891.]

APPEAL from the Circuit of Rock Island County; the
Hon. ARTHUR A. SMITH, Judge, presiding.

268    APPELLATE COURTS OF ILLINOIS.

VOL. 39.]   Mississippi Valley Manf'rs Mut. Ins. Co. v. Bermond.

Messrs. JACKSON & HURST, for appellant.

Messrs. J. T. KENWORTHY and McENIRY & McENIRY, for appellee.

*Per Curiam.*  Judgment was rendered in favor of appellee and against appellant by the Circuit Court of Rock Island County; and upon the rendition of such judgment appellant prayed an appeal which was allowed upon the filing of bond and bill of exceptions within the time limited in the order. No court was named in the prayer for appeal nor in the order of the court allowing the same. The statute provides that appeals from Circuit Courts may be taken to the Appellate Courts, provided such appeals shall be prayed for and allowed at the term at which the judgment was rendered. In order to give this court jurisdiction of an appeal, such appeal must be prayed for by the party desiring to appeal, and must be allowed by the court from which the appeal is taken. It is the duty of the court to act upon the prayer for appeal, and allow or disallow the same. If the case is one of which this court would have jurisdiction on appeal, a prayer for appeal to this court should be allowed; but if a franchise or other matter of which this court has no jurisdiction is involved it should not be allowed. The allowance of an appeal is the act of the court. In this case the Circuit Court never granted appellant an appeal to this court, The filing of the transcript of the record in this court is the act of appellant, and the right to bring the case to this court by appeal can not be acquired by its act alone. There is no appeal here for this court to act upon, and the case will be stricken from the docket. Gage v. Arndt, 114 Ill. 318.

*Stricken from docket.*