NATHANIEL K. FAIRBANK

*v.*

GEORGE W. STREETER.

*Filed at Ottawa June 20, 1892.*

1. APPEAL—*by defendant in forcible detainer—how taken.* As the defendant in an action of forcible detainer can give no appeal bond until the amount thereof is fixed by the trial court, he can not take an appeal from a judgment against him until the amount of his bond is fixed by such court. Sections 18 and 19 of the Forcible Entry and Detainer act are to be construed together, so that every part of both sections may have proper force and effect.

2. Sections 18 and 19 of the Forcible Entry and Detainer act clearly manifest an intention that, whether a forcible entry and detainer case is tried in a justice's court or a court of record, the defendant can only perfect an appeal from a judgment then rendered by praying the same, and filing his bond in an amount fixed by the trial court within five days from the rendition of such judgment.

3. SAME—*by defendant in forcible detainer—amount of bond—how determined.* There can be no appeal pending, and hence no court in which the appeal is pending, until the bond is executed and filed, and

as no legal bond can be made until the amount of it is fixed by the court, necessarily the trial court alone can determine the amount. The court in which the appeal may be pending is authorized to require a new bond in a larger amount than the first, but only upon a showing that such new bond is necessary to secure the rights of the parties.

4. SAME—*right lost by failure to comply with the statute.* The right of appeal is a statutory one, and can only be availed of by complying with the substantial requirements of the statute authorizing it. In order, therefore, that an appeal may be sustained, the right of the party to appeal must clearly appear, and it is consequently lost by any failure to comply with the statutory regulations.

5. SAME—*motion to dismiss for want of sufficient bond—waives objection to jurisdiction.* A party contending that no appeal has been perfected for want of a compliance with the terms of the statute, will waive his objection to the jurisdiction of the appellate court by moving to dismiss the appeal for want of a sufficient bond, either in amount or informality.

6. SAME—*section 69 of the Justice's act applied.* Where a motion is made to dismiss an appeal on the ground that the appellant has not complied with the statute in having the amount of the appeal bond fixed, section 69 of the act relating to justice's courts, which provides that an appeal shall not be dismissed for informalities in the appeal bond if the party will file a good bond, and the decisions thereunder, will have no application.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

Messrs. HERRICK & ALLEN, for the appellant.

Messrs. BLACK & GOODWIN, Mr. MILFORD J. THOMPSON, and Messrs. BANGS & BANGS, for the appellee.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

Appellant brought an action of forcible detainer, against appellee, before a justice of the peace in the city of Chicago, to recover certain premises in said city, and on September 9, 1890, recovered a judgment. Appellee claimed to have perfected an appeal from that judgment to the county court of

Cook county on the 12th day of the same month. Afterward, appellant appeared in said county court and moved to dismiss said appeal because it was not perfected in the manner required by the statute. On June 11, 1891, appellee entered a cross-motion to dismiss the suit for want of prosecution, and on that day the motion to dismiss the appeal was overruled and the cross-motion allowed, and the appellant appealed. The Appellate Court having affirmed the judgment of the county court, this further appeal is prosecuted.

There is but a single question in the case, viz., can an appeal from the judgment of a justice of the peace in forcible detainer be perfected by filing an appeal bond in the office of the clerk of the court to which the appeal is sought to be taken, without first having the amount of the bond fixed by the justice before whom the case was tried. In the argument, the further question is discussed, whether, in such case, the court to which the appeal is taken can in the first instance fix the amount of the appeal bond. While, in our view of the record, the latter question need not be decided, inasmuch as our construction of the statute will probably govern the practice hereafter in taking such appeals, both questions will be noticed.

There is no pretense that the defendant below prayed an appeal in the justice's court, or that the amount of the appeal bond was then determined. The transcript shows that the bond was filed with the county clerk, and the bond itself is indorsed: "Taken and approved by me this 12th day of September, A. D. 1890.—Henry Wulff."

Two sections of chapter 57 of our statute entitled "Forcible Entry and Detainer," relate to appeals. The 18th section provides that any party to the action may "have an appeal, to be taken to the same courts in the same manner and tried in the same way as appeals are taken and tried in other cases, provided the appeal is prayed and bond is filed within five days of the rendition of the judgment." The 19th section pre-

scribes the conditions of the bond, and the manner of fixing the amount thereof, in case the defendant appeals. His bond, under this section, must be conditioned for the prosecution of the appeal with effect, and the payment of rent, damages and losses, together with all costs, etc., "which said bond shall be in sufficient amount to secure such rent, damages and costs, to be ascertained and fixed by the court."

It is insisted on behalf of appellee, and the judgment of the courts below seem to be based on the theory, that a defendant in "*other cases*" having a right to perfect an appeal by filing "his appeal bond in the office of the clerk of the Appellate Court," he may do the same in this case, because section 18 gives him an appeal, to be taken in the same manner as in other cases. This construction ignores important and imperative requirements of section 19. The two sections being construed together, the general provision in the 18th, that appeals may be taken in the same manner as in other cases, can apply to the defendant only so far as he can take an appeal in that manner and at the same time conform to the specific requirements of section 19. His right to appeal to any court in any manner, under this last section, is conditioned upon his giving bond in an amount fixed by the court. He can legally give no bond, and hence can take no appeal, until the amount is so fixed. This requirement is as imperative as that of section 18 that the appeal shall be prayed and bond filed within five days from the rendition of the judgment. Any other construction will defeat the plain purpose of section 19.

If, as contended, the appeal may be taken by filing a bond with a clerk without the amount being first fixed by the court, then it may be perfected by the defendant without giving bond in sufficient amount to secure the rent, damages and costs. Certainly, the clerk is not authorized to fix the amount, nor has he the means of knowing in what amount the bond should be taken. In other cases the form of the bond prescribed by statute gives the amount of the judgment appealed from, and

the clerk can determine from that whether the bond is in the proper amount; but in this form of action there is nothing whatever appearing on the face of the bond from which it can be ascertained what amount will be sufficient "to secure such rent, damages and costs." Therefore, on the theory of appellee, a defendant in forcible detainer can take an appeal by giving bond in an insignificant sum, provided he can induce the clerk to approve it, and thus entirely defeat the object of the statute to secure the plaintiff against loss of rent, and for damages accruing pending the appeal.

But it is said, under the latter clause of section 19 the court in which the appeal may be pending may require a new bond in a larger amount, if necessary to secure the rights of the parties, and in case of continuance may require another bond to be given to further secure the same, and thus the rights of the plaintiff may be protected. Suppose, however, the appellant fails to give the new bond when required to do so. It may happen that the next term of the court in which the appeal is pending will not convene for months after the bond is filed, and in the meantime large sums of rents may become due and great damage be done to the premises. When the new bond is required the defendant may be unable to give it or decline to do so, in which event the court could only dismiss his appeal, leaving the plaintiff without any sufficient security for his rent and damages.

We think the language of these two sections clearly manifests an intention on the part of the legislature, that, whether a forcible entry and detainer case is tried in a justice's court or a court of record, the defendant can only perfect an appeal from a judgment there rendered by praying the same, and filing his bond, in an amount fixed by the trial court, within five days from the rendition of such judgment. That the requirement that the amount of the bond shall be fixed by the court was intended to be a substantial requirement, is shown by reference to the act of 1872, to which the present statute

is an amendment. The former act provided that the appeal bond should be in sufficient amount to secure rents, damages and costs, as does the present statute, but made no provision for fixing the amount of the bond. On appellee's theory, that statute was as effectual to protect the rights of the plaintiff as the present. The legislature, however, evidently did not so regard it. This also refutes the idea that the requirement that the amount of the bond shall be fixed by the court was considered by the legislature of no more importance than other directions contained in section 19.

We are unable to perceive how a practical construction could be given to section 19, requiring any other than the trial court to fix the amount of the bond in case the defendant appeals. There can be no appeal pending, and hence no court in which the appeal can be said to be pending, until the bond is executed and filed, and as no legal bond can be made until the amount of it is fixed by the court, necessarily the trial court alone can determine the amount. Moreover, that court alone can be in possession of the facts, at the time the amount must be fixed, from which to determine what sum will be sufficient to secure the rents, damages and costs. Again, the latter clause of section 19 above quoted, taken with that which precedes it, clearly shows that by the language, "to be ascertained and fixed by the court," is meant the court in which the case is tried. That court determines the amount of the first bond. "The court in which the appeal may be pending" is authorized "*to require a new bond in a larger amount*" than the first, but only upon it being made to appear that such new bond is necessary to secure the rights of the parties.

The ground of appellant's motion in the court below to dismiss the appeal was not the informality of the appeal bond, but because appellee had failed to comply with the statute in having the amount of the bond fixed by the court. Hence, section 69 of the chapter of our statute entitled "Justices and Constables" has no application, and the decisions of this court

holding that an appeal can not be dismissed for mere defects in the bond, if the party appealing will, within a reasonable time, file a good bond, are not in point. The right of appeal is a statutory one, and can only be availed of by complying with the substantial requirements of the statute authorizing it. *Bowlesville Mining and Manf. Co.* v. *Pulling*, 89 Ill. 58; 1 Am. and Eng. Ency. of Law, 616; *Ohio and Mississippi Railroad Co.* v. *Lawrence County*, 27 Ill. 50; *Hammond* v. *The People*, 32 Ill. 464. In order, therefore, that an appeal may be sustained, the right of the party to appeal must clearly appear, and it is consequently lost by any failure to comply with the statutory regulations. (Ibid. and cases cited.) The fact that the bond in this case was in due form, and that appellant made no claim that the penalty named in it was insufficient to cover rents, damages and costs, can not affect the question here involved. His contention is, that having failed to comply with the requirements of the statute no appeal was perfected. Had he moved to dismiss the appeal for want of a sufficient bond, either in amount or informality, he would have waived the very ground upon which his motion was in fact based.

We are of the opinion that the county court erred in disallowing the motion to dismiss the appeal and allowing the cross-motion to dismiss the suit, and that the Appellate Court erred in affirming that judgment. The judgment of the Appellate Court will therefore be reversed, and the cause will be remanded to the county court with directions to dismiss the appeal.

*Judgment reversed.*