### Adolph Okerlind, for the use of, etc., v. Maud Fyke.

1. PRACTICE—*Certiorari to Justices of the Peace.*—The right to have a writ of certiorari issued to a justice of the peace is statutory and can be availed of only by a substantial compliance with the requirements of the statute authorizing it. Such a compliance is a jurisdictional prerequisite.

Certiorari, to a justice of the peace. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Reversed and remanded. Opinion filed July 10, 1900.

SIMON KRUSE, attorney for appellant.

W. H. RICHARDSON, attorney for appellee.

Okerlind v. Fyke.

Mr. Justice Freeman delivered the opinion of the court.

Appellee and her husband, George Fyke, were sued as garnishees before a justice of the peace. The suit appears to have been dismissed as to the husband, and judgment was rendered—fraudulently, it is claimed—against the wife, without the knowledge of either appellee or her said husband. When subsequently it came to their knowledge that a judgment had been entered, a petition for writ of certiorari was filed in the Superior Court by the husband, George Fyke, who described himself therein as "agent for Maud Fyke." That petition is sworn to by George Fyke, who "deposes and says that *he is the petitioner*," etc., and was filed within a little over two months after the judgment complained of was entered.

The statute provides, "The petition for writ of certiorari shall set forth and show upon the oath of the applicant or his agent, that the judgment before the justice of the peace was not the result of negligence in the party praying such writ; that the judgment in his opinion is unjust and erroneous, setting forth wherein the injustice and error consists, and that it was not in the power of the party to take an appeal in the ordinary way, setting forth the particular circumstances which prevented him from so doing." R. S. Chap. 79, Sec. 76. The next section of the statute provides that "No writ of certiorari shall issue after the expiration of six months from the time of the rendition of the judgment."

This petition, filed by George Fyke, substantially complies with the requirements of the statute, except that it is not the petition of the appellee. It is the petition of a stranger to the judgment, who thereby seeks relief, not for himself, but for another. It speaks of the suit "against your petitioner, George Fyke, and against his wife, Maud Fyke, as garnishees," thus distinguishing between petitioner and appellee, and states that "when he and his said wife first learned of said judgment, she, the said Maud Fyke, could not take any appeal," the time allowed by statute for so doing having expired. This is not the petition of appel-

lee by her husband, as agent. It is the husband's petition. The statute provides that a petition for writ of certiorari may be based upon the " oath of the applicant or his agent," but not that a stranger to the judgment, even though described as agent, can himself be applicant for another.

It is urged, however, that the bill of exceptions nowhere shows that objection was made to this petition by appellee in the trial court, and that it is too late to make it in this court. · The difficulty is, that the petition gave the Superior Court no jurisdiction either of the subject-matter or the parties. The right to have a writ of certiorari issued to a justice of the peace, like the right of appeal, is statutory, and "can only be availed of by complying with the substantial requirements of the statute authorizing it." Fairbank v. Streeter, 142 Ill. 226 (232). A common law writ of certiorari will not be awarded where an appeal or writ of error will lie. White v. Wagar, 185 Ill. 195 (207). Compliance with the statutory requirements was a jurisdictional requisite.

An effort was made to cure the difficulty more than six months after the rendition of the judgment, when appellee filed a new petition, wherein it is stated that " your petitioner, Maud Fyke, by leave of court first had and obtained, by way of an amended petition for a writ of certiorari," sets up substantially the same facts as appeared in the former petition. But this is a new petition by a new petitioner, and it was filed after the time allowed by the statute in which to obtain a writ of certiorari. It was too late to give the court jurisdiction.

Upon the evidence before us it would appear that the judgment of the Superior Court would have been right, upon the merits, had the statute been complied with so as to give jurisdiction, and permit the judgment improperly rendered by the justice to be set aside. But appellee has lost her remedy at law, and relief must be found, if at all, in equity.

The judgment of the Superior Court must be reversed and the cause remanded.