## James P. Enright v. Fred Rehbach.

1. APPEALS—*how far statute must be complied with.* All that is required properly to perfect an appeal, is to comply with the substantial requirements of the statute.

2. APPEAL—*when will not be dismissed for insufficiency of bond.* An appeal will not be dismissed because of the insufficiency of or an irregularity in the appeal bond where an effort, in good faith, to perfect an appeal appears.

3. APPEAL—*when bond given upon, from judgment in forcible detainer will not result in dismissal.* An appeal bond given to perfect an appeal from a judgment in forcible detainer which has been approved by the justice rendering the judgment within the statutory time, will not result in a dismissal of the appeal merely because it does not contain all the conditions enumerated in the statute.

Forcible entry and detainer. Appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the August term, 1906. Affirmed. Opinion filed March 15, 1907.

KEEFE & SULLIVAN, for appellant.

W. L. COLEY, for appellee.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit in forcible entry and detainer, commenced by appellant against appellee, before a justice of the peace in St. Clair county, where the case was tried resulting in a finding and judgment in favor of appellant for possession of the premises claimed, with costs. From this judgment appellee appealed to the East St. Louis City Court.

The amended transcript sent up by the justice to the City Court is as follows:

"State of Illinois        ⎤   In Justice Court,
St. Clair County       ⎬ss. Before J. C. Brady,
City of East St. Louis ⎦   Justice of the Peace.

James P. Enright  ⎤
        v.        ⎬ Forcible Detainer.
Fred Rehbach .    ⎦

"Now on the 20th day of December, 1905, this (case

Enright v. Rehbach.

came) to me on a change of venue from G. A. Boyne, J. P. Case called at 11 A. M. All parties in court and announced ready for trial. Witnesses sworn. Evidence heard and court rendered judgment in favor of plaintiff and against the defendant for possession of premises to-wit: 16 feet; fronting on State Str. by 12 feet deep in the Northeast corner of lot No. 6 in New Brighton, and costs of $8.75 assessed against the defendant. Now on this 22nd day of December 1905 appeal bond is filed. All files sent to E. St. Louis City Court December 23rd, 1905.

J. C. BRADY, J. P."

This transcript is duly certified, containing the statement, "said transcript, and the papers herewith accompanying contain a full and perfect statement of all the proceedings before me, in the above entitled case." One of the accompanying papers was an appeal bond in the sum of one hundred dollars. This bond was executed and presented to the justice who tried the case, on the 22d day of December, 1905, and was accepted and approved by the justice on said day, as evidenced by his writing thereon as follows: "Approved by me, this 22d day of December, A. D. 1905, J. C. Brady, J. P." This bond together with the original transcript and other papers sent to the East St. Louis City Court were filed in that court on January 4, 1906.

On March 21, 1906, appellant entered his limited appearance in the City Court and moved "the court to dismiss the above entitled cause and the pretended appeal therein, because the court has no jurisdiction of the subject-matter or of the plaintiff to hear said appeal," and thereafter appellee entered his cross-motion for leave to file an amended bond; on March 29 the City Court granted appellee's cross-motion for leave to file an amended bond in the sum of two hundred dollars. This bond was presented, duly approved by the judge of the City Court and filed in this case, and on May 3 the cause was called for trial. Appellant entered his limited appearance and moved the court "to dismiss the appeal for the reason that no proper appeal was taken." This motion was overruled by the court, appellant excepted

and "declined to enter upon a trial of the case for the reason that the court has no jurisdiction." And thereupon, on motion of appellee, the court dismissed the cause for want of prosecution, and rendered judgment in favor of appellee and against appellant for costs. Appellant excepted, and brings the case to this court by appeal. The errors assigned are: "The court erred in refusing to dismiss the attempted appeal from the justice court, on appellant's motion, the court erred in allowing appellee to file a new bond; and the court erred in dismissing the case at appellant's cost." Under the facts of this case, these assigned errors may all be treated together.

No objection is made to the amended bond with respect to the amount, form, substance, or the solvency or sufficiency of the sureties; the objection urged is that the court erred in allowing the amended or new bond to be filed. The position of counsel for appellant stated in their own words is: "It has been repeatedly held by both the Supreme and Appellate Courts of this State, that appeals are statutory and that in order to perfect an appeal it is necessary to strictly comply with the statute." They cite sec. 18 and sec. 19 of chap. 57 Hurd's, 1905, and insist that the provisions of these sections of the statute have not been complied with, in this, that the justice who tried the case did not fix the amount of the bond, and the bond did not contain all the conditions enumerated.

Section 18 is: "If any party shall feel aggrieved by the verdict of the jury or decision of the court, upon any trial had under this act, such party may have an appeal, to be taken to the same courts, in the same manner and tried in the same way as appeals are taken and tried in other cases. *Provided,* the appeal is prayed and bond is filed within five days from the rendition of the judgment." Section 19 provides what the conditions of the bond shall be and that the bond shall be in sufficient amount to secure the performance of the specified conditions, and that the amount of the bond shall be fixed by the court from which the appeal is taken. This section also provides that the court to which the appeal

is taken "may require a new bond in a larger amount, if necessary to secure the rights of the parties." Section 179 of chapter 79, provides: "No appeal from a justice of the peace shall be dismissed for any informality in the appeal bond. But it shall be the duty of the court before whom the appeal may be pending, to allow the party to amend the same within a reasonable time, so that a trial may be had on the merits of the case."

While it is true as counsel contend, that appeals are statutory and in order to *perfect* an appeal it is necessary to strictly comply with the statute, it is also true, as stated in Fairbank v. Streeter, 142 Ill., 226, cited by counsel, and as disclosed by the practice recognized in all the cases where the question has arisen, that one may *avail* of an appeal by complying with the substantial requirements of the statute. It is not necessary that every detail of the statute be strictly complied with in the first instance, in order to give the court to which the appeal is taken and in which it is sought to perfect it, jurisdiction over the parties. When the substantial requirements of the statute have been complied with, the court to which the appeal has been taken must take jurisdiction, at least of the parties, for the very purpose of affording the appealing party opportunity of perfecting his appeal by so amending, within a reasonable time, as to be in strict compliance with the statute, "so that a trial may be had on the merits of the case."

A few cases selected from the almost hundreds that might be cited, will make clear the meaning of compliance with the substantial requirements of such statutes. In Dedman v. Barber, 1 Scam., 254, the court said, that the appellant attempted a compliance with the law and executed what was intended to be a good bond, and held that the Circuit Court erred in refusing his cross-motion for leave to file a new bond, and in granting a motion to dismiss his appeal. In Trustees of Schools v. Starbird, 13 Ill., 49, the court said: "Where a party, by himself or agent, undertakes to appeal from the decision of a justice of the peace, and makes such an attempt at the execution of an appeal bond that the proper

officer accepts it; he shall not be prejudiced by reason of any deficiency in the obligation if he will supply the defect." In Wear v. Killeen, 38 Ill., 259, the court said: "It is very manifest, from the phraseology of this section, that it was the design of the Legislature that a party should not be injured or deprived of his status in the Circuit Court, when he brings his case there by appeal, by reason of any omission, ignorance or carelessness of the magistrate or attorney who might prepare the required bond. The statute is emphatic and imperative, if the bond shall be informal or otherwise insufficient, the party shall in no wise be prejudiced thereby, provided that he will, in a reasonable time, to be fixed by the court, execute and file a good and sufficient bond." In Weist v. The People, 39 Ill., 507, the court says: "The language of this enactment is sufficiently broad and comprehensive to embrace any informality that may exist in the bond. So there has been an effort in good faith, and in the time limited by the statute to take an appeal, the case comes within this provision; and, when the party desires to amend the appeal bond, it is the exercise of a right conferred by the statute, which the court cannot refuse." In Hinman v. Kitterman, 40 Ill., 253, the court says: "In giving a construction to this provision, it has been held that almost any attempt, made in good faith, to execute an appeal bond, requires the court to allow such amendments as will obviate the imperfection."

The rule laid down in the cases above quoted from has never been in the least abridged or modified. There is, however, a class of cases that make it more clear what is meant by "an effort in good faith," or an "attempt made in good faith." The two principal ones of this class are: Fay v. Seator, 88 Ill. App., 419, and Fairbank v. Streeter, 142 Ill., 226, both cited and relied upon by counsel for appellant. In the Fay-Seator case, Seator did not sign the bond at all nor offer or attempt to do so, until the time for taking the appeal had elapsed, and the case was reached in the Superior Court of Cook county, four years after the trial before the

justice. In that case the court says: "The appeal which was attempted to be taken by Lingly and Church was a nullity. They were not parties in the cause and the appeal bond signed by them does not purport to be in the name of or on behalf of the plaintiff, Seator." "So Seator took no appeal and there was no appeal bond given by him, informal or otherwise, which could be amended." Seator did not attempt in good faith to appeal, because he signed no bond defective or otherwise, within the time allowed by the statute for taking appeals. In the Fairbank-Streeter case, Fairbank did not at any time present a bond to the justice who tried the case and who alone could accept and approve an appeal bond, under the statute providing for appeals in that class of cases, nor did he take any steps before that justice towards effecting an appeal. He filed a bond with the clerk of the County Court, but this was not an effort or an attempt made in good faith to appeal that kind of a case.

The case at bar is an entirely different case, and stands in a different class from the last two cases mentioned. Here a bond in a substantial penal sum signed by appellee and a proper surety, appellee being the defendant in the suit against whom judgment had been rendered by the justice for possession of the premises in dispute and for $8.25 costs, was presented to the justice and accepted and approved by him, within two days after the judgment was rendered, and the bond perfect in all respects, except that it did not contain all the conditions enumerated in the statute.

As we understand counsel their principal and foundational contention is that the transcript from the justice fails to show that appellee "prayed an appeal," or that the justice "fixed the amount of the bond."

"The entering into the appeal bond is all the praying for an appeal that is necessary" in a case of appeals from a justice of the peace. Fix v. Quinn et al., 75 Ill., 232.

The acceptance and approval of the bond by the justice was a fixing of the amount of the bond, and this was fully evidenced by the amended transcript and the accompanying

papers, including the bond with the justice's approval written thereon.

The judgment of the East St. Louis City Court is affirmed.

*Affirmed.*