(No. 19555.—

MOY FANG CHUNG, Defendant in Error, *vs.* THE BLUE ISLAND OIL PRODUCTS COMPANY, Plaintiff in Error.

*Opinion filed October 19, 1929.*

EARL J. WALKER, for plaintiff in error.

SIMS, GODMAN & STRANSKY, (WELLINGTON G. BROWN, of counsel,) for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause is here by writ of *certiorari* to review the order of the Appellate Court for the First District denying plaintiff in error's cross-motion there filed for leave to file a sufficient and formal bond and allowing the defendant in error's motion to dismiss the appeal.

Defendant in error on December 7, 1928, recovered judgment in the circuit court of Cook county against plaintiff in error in an action of forcible entry and detainer for the possession of certain real estate. Plaintiff in error prayed and was allowed an appeal to the Appellate Court on filing an appeal bond in the sum of $1500 to be approved by the clerk, bond to be filed in twenty days. On December 12, 1928, plaintiff in error presented to the clerk of the circuit court its bond in the sum prescribed, with sureties and the same was approved by the clerk and filed. The bond was the ordinary and usual appeal bond providing for the prosecution of the appeal with effect and that the appellant would pay the amount of the judgment, costs, interest and damages rendered and to be rendered. It did not provide for the payment of rent due or to become due during the pendency of the appeal nor for damages by reason of withholding of or injury to the premises during such time, as required by the statute in relation to appeal of the defendant from a forcible entry and detainer judgment. In the Appellate Court the defendant in error assigned cross-errors, entered his limited appearance and filed a motion to

dismiss the appeal for the reason that the plaintiff in error had failed to comply with the sections of the Forcible Entry and Detainer act regarding appeals. Plaintiff in error filed a cross-motion for leave to file a sufficient formal bond in such time as should be fixed by the court. Appellate Court denied plaintiff in error's cross-motion and allowed the motion of the defendant in error and dismissed the appeal.

Plaintiff in error contends that under section 94 of the Practice act it was entitled, on its motion, to file within a reasonable time to be fixed by the court a good and sufficient bond to be approved by the court. Defendant in error argues that the Appellate Court was without jurisdiction of the appeal for two reasons: First, that the plaintiff in error failed to comply with the conditions of sections 18 and 19 of the Forcible Entry and Detainer act; and second, that the appeal bond was not filed within the time required by section 18 of the Forcible Entry and Detainer act. It is sufficient to say as to the second ground, that while the trial court was in error in fixing the time for filing bond at twenty days it was filed within the time fixed by statute. The judgment was entered on December 7. The bond was filed on December 12. Section 18 of the Forcible Entry and Detainer act provides that the bond shall be filed "within five days from the rendition of the judgment, and no writ of restitution shall be issued in any case until the expiration of said five days." It is provided by paragraph 11 of section 1 of chapter 131 relating to statutes (Cahill's Stat. 1929, p. 2506) : "The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Sunday, and then it shall also be excluded." The second contention of defendant in error is without merit.

We come, then, to the principal question in the case, viz., whether plaintiff in error was entitled to file, on its

cross-motion in the Appellate Court, a sufficient bond. Stated in another way, the question is whether the failure on the part of the officer taking the bond, or the scrivener preparing it, to include in its conditions the provisions of section 19 that the defendant "will prosecute such appeal with effect, and pay all rent then due or that may become due before the final determination of the suit, and also all damages and loss which the plaintiff may sustain by reason of the withholding of the premises in controversy, and by reason of any injury done thereto during such withholding, until the restitution of the possession thereof to the plaintiff," is an insufficiency of the bond which may, under section 94 of the Practice act, be cured on motion or is a jurisdictional defect which cannot be so reached.

Section 94 of the Practice act provides: "No appeal to the Supreme or Appellate Court shall be dismissed by reason of any informality or insufficiency of the appeal bond, if the party taking such appeal shall, within a reasonable time, to be fixed by the court, file a good and sufficient bond in such cause, to be approved by the said court." It is conceded that the bond in this case, aside from the omission of the conditions with reference to rent and damages to the premises, was a good and sufficient bond. It was filed in the amount fixed by the order of the court allowing the appeal and was for the purpose of review of the judgment. It provided, in its conditions, that the appellant should "duly prosecute its said appeal with effect, and moreover pay the amount of the judgment, costs, interests and damages rendered and to be rendered against it in case the judgment shall be affirmed in said Appellate Court." It is not contended that the bond was not filed in good faith and no objection was made to it in the circuit court. It was evidently an attempt to comply with the statute, which through the ignorance of someone it failed to do.

It has long been the rule in this State that a bond defective in substance or form, in all cases of appeal, may be objected to, and if not amended the appeal may be dismissed. (*Wood* v. *Tucker,* 66 Ill. 276; *McKoy* v. *Allen,* 36 id. 429.) In *Beardsley* v. *Hill,* 61 Ill. 354, an appeal bond from the county court of Cook county to the superior court of that county omitted certain requirements of the statute though otherwise in due form. It was held that such objection should have been made in the court below so that the necessary amendment might have been made, and that as this was not done it would be trifling with the rights of parties to permit a reversal of the case on such mere technical advantage. In *Hinman* v. *Kitterman,* 40 Ill. 253, an appeal bond filed on appeal from a justice of the peace to the circuit court bore no revenue stamp, such as was at that time required by law, and a motion was made to dismiss the appeal. The appellant entered a cross-motion for leave to amend the bond by annexing a stamp, but the circuit court dismissed the appeal. This court in that case referred to the statute governing appeals from justices of the peace, which contained provisions similar to section 94 of the present Practice act, and said: "In giving a construction to this provision it has been held that almost any attempt made in good faith to execute an appeal bond requires the court to allow such amendments as will obviate the imperfection," and it was held that the circuit court erred in dismissing the appeal and refusing to allow the filing of a sufficient bond.

Defendant in error, in support of his contention that the bond in this case did not confer jurisdiction on the Appellate Court, cites *Fairbank* v. *Streeter,* 142 Ill. 226, *City of Chicago* v. *Steamship Lines,* 328 id. 309, *Hall* v. *First Nat. Bank,* 330 id. 234, and *Retzinger* v. *Retzinger,* 331 id. 102. In the *Fairbank case* the opinion states that the single question in the case is whether an appeal from a judgment of the justice of peace in forcible entry and detainer could be

perfected by the filing of an appeal bond in the office of the clerk of the court to which the appeal is sought to be taken, without first having the amount of the bond fixed by the court trying the cause. It was said that while in forcible entry and detainer the defendant may take an appeal as in other cases, the right of appeal is dependent on his giving a bond in the amount fixed by the court from which the appeal is taken; that "whether a forcible entry and detainer case is tried in a justice's court or court of record, the defendant can only perfect an appeal from a judgment there rendered by praying the same and filing his bond in an amount fixed by the trial court within five days from the rendition of such judgment." In that case the trial court did not fix the amount of the bond, and it was held that no legal bond could be made and the court of review did not have jurisdiction to entertain the appeal. In *City of Chicago* v. *Steamship Lines, supra,* the one question involved was whether a judgment in forcible entry and detainer can be reviewed by writ of error. It was there held, on review of the history of the proceeding, that it was entirely statutory and could be reviewed only by appeal, as that was the only means permitted by the statute. In *Hall* v. *First Nat. Bank, supra,* an appeal was dismissed because not filed in time to give jurisdiction. An appeal was regularly prayed, and the order of the court allowed same on filing a bond in the sum of $200 but fixed no time for filing the bond. The bond was not filed until after the close of the term of court at which such order was made. It was there held that as the court trying the cause did not fix the time for filing the bond and lost jurisdiction of the case before a bond was filed, no valid bond could be filed and hence no appeal could be taken. It was there said: "The right of appeal is purely statutory and the statute granting such right must be strictly complied with." This is the rule, but it in no way conflicts with or modifies the effect of section 94 of the Practice act, providing that

no appeal shall be dismissed for insufficiency or irregularity in the bond filed. In that case no legal bond was filed or could be filed. In *Retzinger* v. *Retzinger, supra,* an appeal was taken to the Appellate Court from an order of the probate court for sale of lands. A motion was made in the Appellate Court to dismiss the appeal because the order of the probate court granting the appeal had not been complied with. The order was for a joint bond of three appellants. But two of the appellants signed the bond. In reviewing the decision of the Appellate Court this court held that the party taking an appeal must comply with the order of the court allowing the same.

The purpose of an appeal bond is to secure the appellee against loss by the prosecution of the appeal, and if an insufficient bond is filed the appeal may be dismissed on motion if the defect is not cured. But where a valid obligation in the form of an appeal bond has been filed in apt time and an attempt made to comply with the statute, it would defeat the purpose of the law granting reviews on appeal to hold that a bond otherwise formal and valid, and filed in apt time, will not give jurisdiction to the court of review unless it contains all of the conditions which under the statute the appellant must meet in the prosecution of his appeal. Counsel have cited no case on these or similar facts where it has been held that the reviewing court does not have jurisdiction of the appeal, and we know of none.

We are of the opinion that the Appellate Court erred in allowing defendant in error's motion to dismiss the appeal and in denying the cross-motion of plaintiff in error.

The order of the Appellate Court is reversed and the cause remanded to that court, with directions to permit the plaintiff in error to file a good and sufficient appeal bond in such time and amount as shall be fixed by that court and with such sureties as that court shall approve.

*Reversed and remanded, with directions.*