Charles J. Stromberg, Appellant, v. The Peoples Life Insurance Company et al., Appellees.

Gen. No. 34,331.

Heard in the first division of this court for the first district at the April term, 1930. ▮▮▮ Opinion filed June 17, 1930.

David D. Stansbury and George F. Callaghan, for appellant.

John V. Sees, William C. Hartray and Stedman, Kesler, Lewis & Feinstein, for certain appellees. Igoe & Flaherty, for appellee Mississippi Valley Life Insurance Company.

Mr. Justice O'Connor delivered the opinion of the court.

By this appeal, complainant, Charles J. Stromberg, seeks to reverse an order entered by the superior court of Cook county on March 25, 1930.

Complainant contends that the appeal is authorized by section 123, chapter 110, Cahill's statutes, which provides for appeals from interlocutory orders or decrees. The pertinent part of that section is:

"Whenever an interlocutory order or decree is entered in any suit pending in any court in this State . . . appointing a receiver, or giving other or further powers . . . to a receiver already appointed, an appeal may be taken from such interlocutory order or decree to the Appellate Court. . . . The party taking such appeal shall give bond, to be approved by the clerk of the court below, to secure costs in the Appellate Court." Complainant filed his bond with the clerk of the superior court and it was approved by him. The bond recites that "The condition of the above obligation is such, that whereas, an interlocutory order giving other or further powers to a receiver already appointed was entered in this cause on the 25th day of March, A. D. 1930, in the superior court of Cook county."

The record discloses that on December 5, 1929, complainant filed his bill against the Peoples Life Insurance Company and others, alleging among other things that the assets of the company were impaired; that its business ought to be reinsured in some other company; prayed that a receiver be appointed to conserve the assets of the company and that an order be entered restraining certain defendants from disposing of any of the assets of the insurance company. On the next day an order was entered enjoining the defendants, until the further order of the court, from disposing of any of the assets of the insurance company, and on December 20, an order was entered restraining certain acts of certain defendants and appointing Erwin A. Meyers receiver of all the property and assets of the insurance company with full power to collect, marshall, conserve and safely keep the assets upon the complainant giving bond in the sum of $25,000, and the receiver in the sum of $50,000; and it was further ordered that when Meyers should have qualified he should forthwith solicit and diligently at-

tempt to procure a contract of reinsurance whereby the policies issued by the Peoples Life Insurance Company should be reinsured in some responsible life insurance company to the best interest of the policyholders of the Peoples Life Insurance Company. The order further provided that nothing contained in it should authorize the receiver to liquidate or attempt to liquidate the Peoples Life Insurance Company.

The bonds required by the order were executed and approved and Meyers entered upon the discharge of his duties and endeavored to secure a reinsurance contract. One of the defendants to the bill was the Mississippi Valley Life Insurance Company which, prior to the filing of the instant bill, had been endeavoring to enter into an agreement of reinsurance with the Peoples Life Insurance Company. Certain charges were made against the Mississippi Valley Life Insurance Company in the bill of complaint which we think unnecessary to mention here. On February 3, 1930, the Mississippi Valley Life Insurance Company filed its petition in the proceeding, setting up that it had offered to enter into a reinsurance contract which had been approved by the Director of Trade and Commerce of Illinois and had been approved by the stockholders of the Peoples Life Insurance Company. On February 14, an order was entered granting Leo H. Lowe, Director of Trade and Commerce of Illinois, leave to file an intervening petition. The intervening petition was filed and the prayer was that the Peoples Life Insurance Company be liquidated as provided by the statute and that it be dissolved and to that end that a receiver be appointed ''after the reinsurance of its business by Meyers (the receiver then in possession), to the end that said Erwin A. Meyers, when he has completed the duties imposed upon him by the order of his appointment may be discharged and relieved, and the receiver appointed by

the Director of Trade and Commerce may then enter upon his duties to finally liquidate all the affairs." On the same date an order was entered requiring complainant and the defendants to show cause why a receiver should not be appointed pursuant to the statute of Illinois and the insurance company dissolved. Complainant did not answer this petition and an order was entered defaulting him for failure to do so. The record discloses that afterwards Alvin K. Keys was appointed receiver by the Director of Trade and Commerce, pursuant to paragraph 105, sec. 3, chap. 73, Cahill's 1929 Statutes. Receiver Meyers made his report and prayed that it be approved and that he be directed to turn over the property to Keys and an order was entered accordingly. Keys afterwards entered into a reinsurance contract with the Mississippi Valley Insurance Company and his action in this respect was approved by the chancellor, as evidenced by the order of March 25, 1930, and from which complainant says he prosecutes this appeal. It further appears from the order that the action of the Director of Trade and Commerce, appointing Keys as receiver, was approved and confirmed and the bond of Keys was also filed and approved. Keys was authorized and directed to execute the reinsurance contract with the Mississippi Valley Life Insurance Company which had theretofore been approved by the Director of Trade and Commerce and Keys was ordered and directed to turn over all the assets of the Peoples Life Insurance Company to the Mississippi Valley Life Insurance Company in accordance with the reinsurance agreement, except that he was authorized by this order to retain $25,000 for the payment of receivership costs and administration. It was further provided that Keys make an appraisement of the assets and the proper notice be published as required by statute in such case; and that the court retain

jurisdiction for such further proceedings as might be deemed necessary and proper.

Two days later complainant moved that he be allowed to appeal from the order of March 25 but the motion was denied; three days later complainant filed his bond as stated, which he contends was authorized by section 123 of the Practice Act, Cahill's St. ch. 110, ¶ 122, his contention being that the order of March 25 was interlocutory.

We have refrained from discussing the allegations of the bill and the several petitions and answers filed for the reason that we are of the opinion that the case is not properly before us. We think the order of March 25 does not come within the purview of provision 123 of the Practice Act. That section provides that where a court of chancery appoints a receiver or gives further powers or property to a receiver an appeal may be taken. But in the instant case Keys was not appointed by the chancellor but by the Director of Trade and Commerce of Illinois, as provided by statute. Paragraph 105, section 3, chap. 73 of the statute which has to do with the liquidation and dissolution of insurance companies provides that when a life insurance company is insolvent, proceedings may be instituted by the attorney general to liquidate and dissolve the company; that a petition be filed setting up the necessary facts, and on application to the court the court may, in its discretion, issue an injunction, etc., or may, on hearing, find "that sufficient cause exists for the appointment of a receiver to take possession of and conduct the business of such company until the further order of the court having jurisdiction in the premises. And in case such order showing cause for such appointment shall be made, the director shall thereupon appoint some competent person, resident of the State of Illinois, as such receiver."

Counsel for complainant's argument is, as we understand it, that the court appointed Keys receiver by the order of March 25 and that he succeeded receiver Meyers; that the court gave him further powers than those that had theretofore been given to receiver Meyers and therefore section 123 of the Practice Act applies. We think this contention cannot be sustained. Meyers was appointed receiver upon a bill filed by Stromberg, who alleged that he was interested in the Peoples Life Insurance Company. The receiver was appointed to take charge of the assets and to conserve them and endeavor to enter into a reinsurance contract for the benefit of the Insurance Company's policyholders. Keys was appointed receiver by the Director of Trade and Commerce, as authorized by the statute, upon a petition filed by the attorney general. We think an order appointing a receiver under the insurance statute above mentioned is not made an appealable order by section 123 of the Practice Act.

Whether the court should have allowed complainant an appeal from the order of March 25, as he prayed, and whether that order is a final, appealable order for which a writ of mandamus might issue to compel the allowance of such an appeal, or whether the cause is still pending in the trial court, obviously we do not decide, because such questions are not before us.

Under the proper practice, there being no appeal before us, the cause will be stricken from the docket of this court. *Mississippi Valley Manufacturers' Mut. Ins. Co. v. Bermond,* 39 Ill. App. 267; *Gage v. Arndt,* 114 Ill. 318; *Chicago P. & S. W. R. Co. v. Trustees of Marseilles,* 104 Ill. 91; *City of Chester v. Wilson,* 15 Ill. App. 239.

*Cause stricken.*

Matchett, P. J., and McSurely, J., concur.