State Bank of St. Charles, Appellee, v. James H. Burr, Appellant.

Gen. No. 8,854.

374

Opinion filed November 21, 1934.

JAMES H. BURR, *pro se;* FRANCIS M. LOWES, of counsel.

HEMPSTEAD & GREEN, for appellee.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

This cause originated in a justice of the peace court. The appellee filed a proceeding in forcible entry and detainer against appellant to recover possession of certain premises. Judgment was entered in the justice court against the defendant, Burr. He prosecuted an appeal from said judgment to the circuit court of Kane county. He filed an appeal bond with the justice in the sum of $400 which was accepted and indorsed "approved" by said justice over his hand and seal. Appellant Burr paid the fee for such appeal to the justice and the justice in turn filed his transcript in the office of the clerk of the circuit court together with the complaint, summons and appeal bond, and paid to the clerk the filing fee for said appeal.

The cause came on for hearing in the circuit court in due course. A jury was impaneled and sworn to try same. The defendant (appellant herein) filed his motion for a directed verdict at the close of the plaintiff's evidence. This motion was denied. The plaintiff (appellee herein) thereupon moved the court to withdraw a juror and continue the case. This motion was granted. The cause next came on for trial in

said court some three or four months later, at which time appellee filed its motion to dismiss the appeal on the grounds that the transcript from the justice of the peace as filed failed to show that said justice had fixed the amount of the appeal bond at $400 and also failed to show that a prayer for an appeal was made as is provided by section 18 of the Forcible Entry and Detainer Act, Cahill's St. ch. 57, ¶ 19.

The trial court dismissed the appeal as prosecuted by Burr, and ordered *procedendo* to issue. Burr prosecutes this appeal from the order of the circuit court, dismissing his appeal.

It is contended by appellant that the receipt and approval of the appeal bond by the justice of the peace, and which the transcript shows, is sufficient to demonstrate that there was a prayer for an appeal, that the appeal was allowed, and that the amount of the appeal bond was fixed by said justice; otherwise the giving and approval of the appeal bond would not have occurred. Appellant urges that the giving and approving of an appeal bond is a matter subsequent to the praying of an appeal and the fixing of the bond to be furnished therefor, and the fact itself that the appeal bond was executed and filed with the justice and approved by him, was a substantial compliance with the provisions of the act. Appellant made motion to vacate the order dismissing his appeal and for a rule upon the justice of the peace to furnish a full and complete transcript of the record in the case. He also presented and asked leave to file such complete transcription. It appears by the full and complete transcript as prepared by said justice and offered by appellant, following the judgment entered, that "defendant prayed an appeal to circuit court; appeal bond in the sum of $400, signed by E. L. Hoyt and Charles B. Mead, taken and approved this 18th day of February, 1933, J. T. McConkey, J. P." The only question raised by appellant in which we are concerned at this time, is the

order of the court denying his motion to have full and complete transcript of record filed, and the dismissing of the appeal.

It is not in dispute that the appeal bond was filed and approved by the justice within the statutory time, or that the filing fee was paid, or that the justice did not transmit the proceedings to the circuit court, and file a transcript. Appellee's position was that because of the fact the transcript as filed failed to show in so many words that an appeal was prayed and the amount at which the appeal bond was fixed, voided the appeal and that as a matter of law "no appeal was really taken, but only an attempted appeal."

All that is required to perfect an appeal in an action of this kind, from the justice court to the circuit court, is to comply with the substantial requirements of the statute. No objection is made to the bond with respect to the amount, form, substance, or the solvency or sufficiency of the securities. Appellee relies upon the fact that appeals of this nature being statutory, it is necessary to strictly comply with such statute, and since the transcript as filed by the justice failed to set out that an appeal was prayed together with the amount of the bond fixed, that therefore no appeal had been taken within the meaning of the statute. It is not necessary that every detail of the statute be strictly complied with in the first instance, in order to give the court to which the appeal is taken jurisdiction of the parties. When the substantial requirements of the statute have been complied with in appeals of this character, the court of appeal should take jurisdiction of the parties, and should afford the appealing party the opportunity of perfecting his appeal so as to bring it within the strict compliance of the statute. It is the purpose of courts to see that a trial may be had upon the merits, whenever the same can be done without violence to existing statutes or rules of prac-

tice. Where a person in good faith and within the time limited by the statute undertakes to perfect an appeal in a case of this character, and actually takes the steps required by statute to perfect such appeal, he should not by any reason of omission on the part of the magistrate be deprived of his right to have his cause heard.

A very similar case to the instant case is found in that of *Enright v. Rehbach*, 133 Ill. App. 50. This was an action in forcible entry and detainer. The appellee in the circuit court in that case moved to dismiss the appeal brought by the party appealing. The court on page 55 of its opinion, in referring to the motion to dismiss the appeal in that case, and in commenting upon the denial thereof, uses the following language: "As we understand counsel, their principal and foundational contention is that the transcript from the justice fails to show that appellee 'prayed an appeal,' or that the justice 'fixed the amount of the bond.' 'The entering into the appeal bond is all the praying for an appeal that is necessary' in a case of appeals from a justice of the peace. The acceptance and approval of the bond by the justice was a fixing of the amount of the bond, and this was fully evidenced by the amended transcript and the accompanying papers, including the bond with the justice's approval written thereon."

We are of the opinion that Burr, under the circumstances existing in this case, was entitled to a rule upon the justice to send up a full and complete transcript of the record. It therefore follows that the circuit court erred in denying appellant such right, and the judgment herein is reversed and the cause remanded to the circuit court of Kane county for further proceedings consistent with the views herein expressed.

*Reversed and remanded.*