## H. G. Gentle, Appellee, v. William Butler, Appellant.

Opinion filed January 4, 1935.

PEYTON BERBLING, of Cairo, for appellant.

ASA J. WILBOURN, of Cairo, for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

Appellee brought an action of forcible entry and detainer against appellants before a justice of peace of Alexander county and recovered a judgment for possession. Appellant appealed to the circuit court and on a trial with a jury appellee obtained a judgment for possession and appellant has appealed to this court.

Appellee has filed a motion to dismiss the appeal and this motion has been taken with the case. The

judgment from which this appeal was taken was entered April 6, 1934, which was during the February Term of said court. At the time of entering the judgment, appellant prayed an appeal to this court in accordance with the practice prior to January 1, 1934. The court fixed the bond at $200 to be filed within 60 days from the date of the entry of the judgment. On June 6, which was during the May Term of court, an order was entered extending the time for filing a bond to July 1st. Appellant filed notice of appeal to this court and bond on June 26.

Appellee urges in support of the motion, first, the appeal bond was not filed within five days as provided by section 18 of the Forcible Entry and Detainer Act, Cahill's St. ch. 57, ¶ 19, second, the court had no jurisdiction on June 6 to extend time for filing the appeal, being after the expiration of the 60-day period granted on April 6; third, no notice of appeal was given within five days as required by statute.

In *Davis v. Hamilton*, 53 Ill. App. 94, the court, after reviewing the first four sections in the Forcible Entry and Detainer Act, Cahill's St. ch. 57, ¶¶ 1–4, and the provisions of section 18 of said Act, said, "We therefore hold that this provision was intended to apply only to appeals from such judgments, that is, judgments rendered on the original trial, whether in a court of record or before a justice of peace. Of this action circuit courts have both original and appellate jurisdiction. This case was commenced before a justice of peace. The bond given on appeal from his judgment was filed within five days from its rendition; whereby the plaintiff, in our opinion, obtained all that the statute intended in the security thus promptly furnished for whatever rent, damages and costs should accrue, or be occasioned to him by its wrongful suspension.

"The trial in the circuit court was had on the appeal so taken. The provision in question did not provide

for a further appeal. It was fully satisfied by the bond filed, and the right of further appeal was given, conditioned and regulated by another, which in this case was also complied with. The motion to dismiss is therefore overruled.''

In *Vincent v. Laurent,* 165 Ill. App. 397, this court in passing upon the same question involved in this action said, ''Upon a consideration of sections 18, 19 and 20 of the act entitled 'Forcible Entry and Detainer' we conclude that the proviso in section 18 requiring in case of appeal that the appeal shall be prayed and bond filed within five days from the rendition of the judgment applies to judgments rendered on the original trial whether in a court of record or before a justice of peace and has no application to the filing of the bond for an appeal to this court where the suit originated before a justice and we concur in the reasoning and conclusions reached in *Davis v. Hamilton,* 53 Ill. App. 94, and *Ehlert v. Security and Safety Deposit Company,* 72 Ill. App. 59.'' This was followed in *Berkel v. Schmitt,* 244 Ill. App. 437.

Appellee relies upon *Fairbank v. Streeter,* 142 Ill. 226, and *Chung v. Blue Island Oil Products Co.,* 336 Ill. 439. In the *Fairbank* case the opinion states that the single question in the case is whether an appeal from a judgment of the justice of peace in forcible entry and detainer could be perfected by the filing of an appeal bond in the office of the clerk of the court to which the appeal is sought to be taken, without first having the amount of the bond fixed by the court trying the case. The court was considering the sufficiency of the appeal from the original trial and not in reference to an appeal taken from a court of record where the case had been tried on appeal from a justice of peace. In the *Chung* case, it does not appear that the case had been tried in the circuit court on appeal from a justice of peace. Neither of these cases is in point:

By the provisions of sections 18 and 19, the legislature made provision for prompt action by a defendant where a judgment for possession had been entered against him and requires him to furnish security to the plaintiff for rent and damages accruing during the appeal. It is apparent from the wording of section 19 that it was intended that the appeal bond thus given should extend to the final termination of the case for the condition of the bond is to be that the defendant will pay rent and damages during the withholding and until restitution of the possession to the plaintiff. Provision is also made whereby the court in which the appeal is pending may require an additional or new bond. It is our opinion that sections 18, 19 and 20 of the Forcible Entry and Detainer Act, Cahill's St. ch. 57, ¶¶ 19–21, refer solely to the first appeal whether taken from a judgment entered in a court of record or justice of peace and that there is no provision in the Detainer Act regulating an appeal from a court of record where the case has been tried in such court on appeal from a justice of peace. Rule 2 of the Supreme Court Rules, 355 Ill. 13, referring to statutory proceedings, referred to in section 1 and subsection 2 of section 31 of the Civil Practice Act, Cahill's St. ch. 110, ¶ 159, which includes forcible entry and detainer actions provides that "the separate statutes shall control to the extent to which they regulate procedure in such actions but the Civil Practice Act shall apply to matters of procedure not so regulated by separate statutes." The appeal in this case being controlled by the provisions of the Civil Practice Act and appellant having filed his notice of appeal on June 26, within 90 days of the date of the judgment appealed from, complied with that Act. The court order entered April 6 fixing the time for filing an appeal bond and the subsequent order extending the time were of no force and effect. Motion to dismiss the appeal will be denied.

The land described in this proceeding consists of a quarter section but the controversy is over a part of the quarter 80x200 feet located near the river. The evidence shows that in October, 1931, appellee received a bond for deed from the owners of the quarter and was given the right of possession January 1, 1932. July 6, 1933, Jessie R. Fisher and her husband, Arthur E. Fisher, the obligors in the bond, conveyed the quarter section by warranty deed to appellee.

Appellant entered possession of the tract in controversy in 1911 without any color of title. He took an old shanty boat and erected a house around it and continued in possession of the tract without any lease. In December, 1931, after the execution of bond for deed, the grantor, Arthur E. Fisher, wrote a letter to appellant apprising him of the sale of the land to appellee and said ''under these conditions it is now necessary that you move your buildings and belongings from the premises or that you make arrangements with Mr. H. G. Gentle to continue occupying such portion as you now occupy.''

The evidence shows that thereafter appellant called at appellee's house and told appellee that he had received the Fisher letter and had come over to see him about renting the land. There is a conflict in the evidence as to whether any arrangements were made in reference to the rental of the land but we are satisfied that the jury was warranted in finding that there was such an agreement. Appellant did not pay any rent.

On the trial appellant undertook to prove a title adverse to appellee's by showing that he had been in open, adverse, peaceable possession for more than 20 years.

Appellant's sole ground for reversal is that there was no proof of a demand for possession having been made on him before the filing of the complaint. Where a tenant repudiates the relationship of landlord and tenant and claims to be the owner in fee by adverse

possession, no notice to quit or demand for possession is necessary before beginning an action of forcible entry. *Herrell v. Sizeland,* 81 Ill. 457.

· The judgment of the circuit court is affirmed.

*Judgment affirmed.*