Emma L. Veach, Appellee, v. R. B. Hendricks and Eva Hendricks, Appellants.

Opinion filed January 4, 1935.

R. B. Hendricks, of East St. Louis, for appellants.

Baker & Lesemann, of East St. Louis, for appellee.

Mr. Justice Murphy delivered the opinion of the court.

Appellee started a forcible entry and detainer action against appellants before a justice of peace of St. Clair county and on January 1, 1934, obtained a judgment for possession. Appellants appealed to the county court of said county and on July 10 a judgment for possession was entered in that court against them. July 16 appellants filed an appeal bond in the usual form in the office of the clerk of the county court and on September 16 filed in this court a transcript of all the proceedings of the lower court. Appellee enters a special appearance limited to the filing of a motion to dismiss the appeal or in the alternative to strike the same from the docket. In support of the motion, it is contended, first, that an appeal taken from a judgment entered in a forcible entry and detainer action by a court of record where the case was heard in such court on appeal from a justice of peace is controlled by the provision of the Civil Practice Act and, second, that the appellants have not complied with the provisions of the Civil Practice Act in that no notice of appeal was filed.

During the present term of this court, we have filed an opinion in the case of *Gentle v. Butler,* 278 Ill. App. 371, in which we hold that an appeal taken from a judgment entered in a court of record in a forcible entry and detainer action where it had been tried in such court on appeal from a justice court is controlled by the provisions of the Civil Practice Act.

Subdivision 1, section 74 of the Civil Practice Act, Cahill's St. ch. 110, ¶ 202, provides that "Every order, determination, decision, judgment or decree, rendered in any civil proceeding, if reviewable by the Supreme or Appellate Court of this State by writ of error, appeal or otherwise, shall hereafter be subject to review by notice of appeal." Subdivision 2 of section 76 of said Act provides an appeal shall be deemed perfected when the notice of appeal shall be filed in the lower court. After being duly perfected no appeal shall be dismissed without notice, and no step other than that

by which the appeal is perfected shall be deemed jurisdictional. In section 82 reference is again made to notice of appeal. Rule 33 of the Supreme Court, 355 Ill. 32, prescribes in detail the contents and form of notice of appeal and by Rule 34 reference is made to the notice of appeal as the instrument by which the appeal is perfected. In view of these statutory provisions and rules of court, it is our opinion that the filing of a notice of appeal is jurisdictional and that the proceedings of the lower court cannot be reviewed on appeal unless such notice has been filed.

The right of appeal is purely statutory and the statute granting such right must be strictly complied with. *Hall v. First Nat. Bank,* 330 Ill. 234; *Davison v. Heinrich,* 340 Ill. 349.

The filing of the bond in the lower court without a notice of appeal did not operate to perfect the appeal for any purpose. There is no appeal here and nothing to dismiss. *Chicago, P. & S. W. R. Co. v. President & Trustees of Town of Marseilles,* 104 Ill. 91. The cause will be stricken from the docket.

*Cause stricken.*