Anthony J. Prasnikar et al., Appellees, v. George Harmeling et al., Appellants.

Gen. No. 43,849.

Opinion filed September 9, 1946. Released for publication September 24, 1946.

W. EDWARD FRITZ, of Chicago, for appellants.

KENNETH G. MEYER, of Chicago, for appellees.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Plaintiffs in a forcible detainer action move to dismiss the appeal of the defendants from a judgment granting possession to plaintiffs because of the failure of defendants to file their notice of appeal and their appeal bond within five days from the entry of the

judgment. The case was originally brought before a justice of the peace; defendants appealed from the judgment for possession entered by the justice of the peace; on that appeal a trial *de novo* was had in the circuit court of Cook county resulting in a similar judgment. It is defendants' appeal from this judgment that plaintiffs have moved to dismiss.

Defendants contend that the provision of section 18 of the Forcible Entry and Detainer Act [Ill. Rev. Stat. 1945, ch. 57, par. 19; Jones Ill. Stats. Ann. 109.279] requiring the party appealing to file notice of appeal and bond within five days from the rendition of the judgment, has no application to an appeal from a judgment entered in the circuit court in an action instituted before a justice of the peace and appealed to the circuit court. In support of their contention they cite *Gentle v. Butler*, 278 Ill. App. 371, and *Veach v. Hendricks*, 278 Ill. App. 376, which hold that there is no provision in the Forcible Detainer Act regulating an appeal from a court of record where the case has been tried in such court on appeal from a justice of the peace, and that such appeal from a court of record is governed by the provisions of the Civil Practice Act. With this conclusion we do not agree.

Section 18 of the Forcible Detainer Act grants an appeal to the party aggrieved by the verdict of the jury or decision of the court "upon any trial had under this Act," provided notice of appeal and bond shall be filed within five days from the rendition of the judgment. The trial in the circuit court on an appeal from the justice of the peace is a trial *de novo,* is under the Forcible Detainer Act and governed by all its provisions and is identical with the trial in the circuit court of a forcible detainer action initiated in that court. Under the holding in the cases cited by defendants an appeal from a judgment of the circuit court in an action of forcible detainer commenced in that court must be perfected within five days, but an appeal

from a judgment of the same court in an action of forcible detainer appealed from a justice of the peace may be taken within the time specified in the Civil Practice Act 'for appeals; that is, within 90 days from the entry of the judgment as a matter of right, or within one year upon leave of court. This is contrary to the express wording of the statute, which grants an appeal from the judgment of the court "upon any trial had under this Act" provided it is taken within five days. It also defeats the purpose of the statute, which was to create a summary remedy in which the rights of the parties would be speedily determined and an appeal permitted only if taken within the time specified in the statute. No reason has been suggested for prescribing one time for appeal in cases initiated in the circuit court and another for cases determined in that court on appeal from a justice of the peace.

The motion to dismiss the appeal is allowed.

*Motion to dismiss appeal allowed.*

O'CONNOR, P. J., concurs.